# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW KOTILA, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00704 |
| Plaintiff, | Hon. Hala Y. Jarbou |
| v. | |
| CHARTER FINANCIAL PUBLISHING NETWORK, INC., | **CLASS ACTION** |
| Defendant. | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO RULES 23(a) & 23(b)(3), AND FOR LEAVE TO TAKE DISCOVERY PURSUANT TO RULE 55(b)(2)

Plaintiff Matthew Kotila, individually and on behalf of all others similarly situated, respectfully moves for certification of a damages class against Defendant Charter Financial Publishing Network, Inc. pursuant to Rules 23(a) and 23(b)(3), and for leave to take discovery pursuant to Rule 55(b), and hereby moves this Court to enter an Order to:

1.    Certify a damages class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) defined as follows:

> [A]ll Michigan residents who, at any point during the relevant pre-July 31, 2016 time period, had their Private Reading Information disclosed to third parties by [Defendant] without consent[.]

Compl. ¶ 49; and

2.    Grant Plaintiff leave to take discovery pursuant to Fed. R. Civ. P. 55(b)(2).

For his Motion, Plaintiff relies on the contents of this Motion, the Brief in Support, and the accompanying exhibits. A proposed order granting the requested relied is attached as **Exhibit D**.

Dated: December 2, 2022                    Respectfully Submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200

epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff & Proposed Class
Counsel*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW KOTILA, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00704 |
| Plaintiff, | Hon. Hala Y. Jarbou |
| v. | |
| CHARTER FINANCIAL PUBLISHING NETWORK, INC., | **CLASS ACTION** |
| Defendant. | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR CLASS
CERTIFICATION PURSUANT TO RULES 23(a) & 23(b)(3), AND FOR
LEAVE TO TAKE DISCOVERY PURSUANT TO RULE 55(b)(2)**

## <u>QUESTIONS PRESENTED</u>

1.      Should this action be certified as a damages class pursuant to Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3) where the requirements of numerosity, commonality, typicality and adequacy of representation are satisfied; a common question of law and fact predominates; and a class action is superior for the fair adjudication of the controversy?

2.      Should the Court grant Plaintiff leave to take discovery pursuant to Rule 55(b)(2) where the Defendant has failed to respond to a properly-served lawsuit?

### **Plaintiff Answers:**

Yes, to the above.

## MOST CONTROLLING AUTHORITY

- Fed. R. Civ. P. 12(a)(1)(A)(i)
- Fed. R. Civ. P. 23(a)
- Fed. R. Civ. P. 23(a)(1)
- Fed. R. Civ. P. 23(b)(3)
- Fed. R. Civ. P. 55(b)(2)
- *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997)
- *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788 (E.D. Mich. 2004)
- *Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524, 532-34 (E.D. Mich. 2015)
- *Cranor v. Skyline Metrics, LLC*, 2018 WL 11437828 (W.D. Mo. Dec. 14, 2018)
- *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2010)

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED................................................................. ii

MOST CONTROLLING AUTHORITY................................................................. iii

TABLE OF AUTHORITIES ...............................................................................v

BACKGROUND ...............................................................................................1

INTRODUCTION ............................................................................................1

ARGUMENT ...................................................................................................2

    I.     THE COURT SHOULD CERTIFY THE CLASS, AS DEFINED IN
          THE COMPLAINT, PURSUANT TO RULES 23(a) AND 23(b)(3) ...2

         A.  The Requirements of Rule 23(a) Are Satisfied .............................5

             1.  Numerosity...................................................................5

             2.  Commonality................................................................6

             3.  Typicality ....................................................................7

             4.  Adequacy of Representation ........................................9

          B.  The Requirements of Rule 23(b)(3) Are Satisfied.......................12

             1.  Common Questions Predominate ...............................12

             2.  Class Treatment of Plaintiff's Claims Is Superior ....14

    IV.   THE COURT SHOULD GRANT PLAINTIFF LEAVE TO
          CONDUCT DISCOVERY TO IDENTIFY CLASS MEMBERS AND
          CALCULATE DAMAGES PURSUANT TO RULE 55(b)(2).........15

CONCLUSION ...............................................................................................18

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Acticon AG v. China N. E. Petroleum Holdings Ltd.*,
    687 F. App'x 10 (2d Cir. 2017) ...........................................................................3

*Amadi v. Ace Homecare, LLC*,
    2019 WL 1392453 (M.D. Fla. Mar. 28, 2019) ....................................................4

*Amchem Prods. Inc. v. Windsor*,
    521 U.S. 591 (1997)...................................................................................... passim

*Beattie v. CenturyTel, Inc.*,
    511 F.3d 554 (6th Cir. 2007) ..............................................................................10

*Calloway v. Caraco Pharm. Labs., Ltd*.,
    287 F.R.D. 402 (E.D. Mich. 2012) ....................................................................15

*Celano v. Marriott Int'l Inc.*,
    242 F.R.D. 544 (N.D. Cal. 2007)..........................................................................6

*Coulter-Owens v. Time, Inc.*,
    308 F.R.D. 524 (E.D. Mich. 2015) ........................................................ 7, 9, 13, 14

*Cranor v. Skyline Metrics, LLC*,
    2018 WL 11437828 (W.D. Mo. Dec. 14, 2018).......................................... 16, 17

*Curry v. SBC Comm'ns, Inc.*,
    250 F.R.D 301 (E.D. Mich. 2008) ........................................................................5

*Date v. Sony Electronics, Inc.*,
    2013 WL 3945981 (E.D. Mich. July 31, 2013)....................................................9

*Davidson v. Henkel Corp*.,
    302 F.R.D. 427 (E.D. Mich. 2014) .......................................................................5

*DIRECTV, Inc. v. Guzzi*,
    308 F. Supp. 2d 788 (E.D. Mich. 2004) .............................................................16

*Duncan v. Sabal Palms I Assocs., Ltd.*,
    1990 WL 10600304 (M.D. Fla. June 7, 1990) .....................................................4

*Ebin v. Kangadis Food Inc.*,
    297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014) ..........................................................11

*Fogarazzao v. Lehman Bros., Inc.*,
    232 F.R.D. 176 (S.D.N.Y. 2005) ..........................................................................8

*Fox v. Cty. of Saginaw*,
    2020 WL 6118487 (E.D. Mich. Oct. 16, 2020)..................................................11

*Gilkey v. Cent. Clearing Co.*,
    202 F.R.D. 515 (E.D. Mich. 2001) .......................................................................8

*Groover v. Prisoner Transp. Servs., LLC*,
    2019 WL 3974143 (S.D. Fla. Aug. 22, 2019) ....................................................11

*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) ...............................................................8

*In re Cardizem CD Antitrust Litig.*,
  200 F.R.D. 326 (E.D. Mich. 2001) ................................................. 13, 15

*In re Indus. Diamonds Antitrust Litig.*,
  167 F.R.D. 374 (S.D.N.Y. 1996) ..........................................................2

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013) ..........................................................6, 13

*In Re: Ford Motor Co. F-150 and Ranger Truck Fuel Economy Mktg. and Sales Pracs. Litig.*,
  Case No. 2:19-md-02901 (E.D. Mich.) ...............................................11

*Int'l Union v. Ford Motor Co.*,
  2006 WL 1984363 (E.D. Mich. July 13, 2006)......................................9

*Jackson v. Paycron, Inc.*,
  2019 WL 2085430 (M.D. Fla. May 13, 2019) ..................................4, 12

*Kinder v. Meredith Corp.*,
  2016 WL 454441 (E.D. Mich. Feb. 5, 2016)...................................7, 9, 13

*Little Caesar Enters., Inc. v. Smith*,
  172 F.R.D. 236 (E.D. Mich. 1997) ........................................................9

*Luczak v. Nat'l Beverage Corp.*,
  2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) .......................................11

*Machesney v. Lar-Bev of Howell, Inc.*,
  317 F.R.D. 47 (E.D. Mich. 2016) ........................................................13

*McDonald v. Asset Acceptance LLC*,
  296 F.R.D. 513 (E.D. Mich. 2013) ........................................................5

*Merenda v. VHS of Mich., Inc.*,
  296 F.R.D. 528 (E.D. Mich. 2013) ........................................................6

*Parker v. Time Warner Entertainment Co.*,
  239 F.R.D. 318 (E.D.N.Y. 2007)...........................................................7

*Powers v. Hamilton Cty. Pub. Def. Comm'n*,
  501 F.3d 592 (6th Cir. 2007) ....................................................... 13, 14

*Reese v. CNH America, LLC*,
  227 F.R.D. 483 (E.D. Mich. 2005) ........................................................8

*Saade v. Insel Air*,
  2019 WL 2255580 (S.D. Fla. Apr. 4, 2019)......................................2, 3

*Senter v. Gen. Motors Corp.*,
  532 F.2d 511 (6th Cir. 1976) ...............................................................9

*Skeway v. China Nat. Gas, Inc.*,
  304 F.R.D. 467 (D. Del. 2014) ............................................................2

*Vassalle v. Midland Funding LLC*,
    708 F.3d 747 (6th Cir. 2013) ..................................................................9
*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..................................................................6, 12
*Young v. Nationwide Mut. Ins. Co.*,
    693 F.3d 532 (6th Cir. 2010) ...................................................... 14, 15

## **Other Authorities**

Fed. R. Civ. P. 12(a)(1)(A)(i) ......................................................................1
Fed. R. Civ. P. 23(a) .................................................................... passim
Fed. R. Civ. P. 23(a)(2).................................................................................6
Fed. R. Civ. P. 23(a)(4).................................................................................9
Fed. R. Civ. P. 23(b)(3) ................................................................. passim
Fed. R. Civ. P. 55(a)......................................................................................1
Fed. R. Civ. P. 55(b)(2).................................................................... passim

Plaintiff Matthew Kotila, individually and on behalf of all others similarly situated, respectfully moves for certification of a damages class against Defendant Charter Financial Publishing Network, Inc. pursuant to Rules 23(a) and 23(b)(3), and for leave to take discovery pursuant to Rule 55(b).

## BACKGROUND

On August 3, 2022, Plaintiff initiated this action by filing his Class Action Complaint against Defendant Charter Financial Publishing Network, Inc. (ECF No. 1 (the "Complaint" or "Compl.").) The following day, the Clerk of Court issued a Summons in a Civil Action as to Defendant. (ECF No. 4.)

On August 11, 2022, service of the Complaint and the Summons was effectuated on Defendant. (*See* ECF No. 5 at 2, PageID.534.)

Defendant failed to answer or respond to the Complaint or otherwise defend the action within twenty-one days from the date of service of the Summons and Complaint, as required under Federal Rule of Civil Procedure 12(a)(1)(A)(i).

Thus, on September 28, 2022, Plaintiff filed an application for the Clerk of Court to enter a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 7.)

On October 19, 2022, the Clerk of Court issued an Entry of Default against Defendant pursuant to Rule 55(a). (ECF No. 12.)

## ARGUMENT

Before moving for a default judgment pursuant to Rule 55(b), Plaintiff respectfully requests that the Court certify the Class defined in the Complaint pursuant to Rules 23(a) and 23(b)(3) and grant Plaintiff leave to serve discovery on behalf of the certified Class pursuant to Rule 55(b)(2). Certification of the Class and a reasonable opportunity for discovery are necessary for Plaintiff to identify and quantify the number of Class members, calculate the total sum of statutory damages to which they are entitled under the PPPA, and ultimately move for a class-wide default judgment for damages on their behalf.

## I.    THE COURT SHOULD CERTIFY THE CLASS, AS DEFINED IN THE COMPLAINT, PURSUANT TO RULES 23(a) AND 23(b)(3)

Where a defendant in a putative class action has failed to appear and the clerk of court has entered default, the plaintiff is entitled to move for class certification pursuant to Rule 23 prior to moving for a default judgment pursuant to Rule 55(b). *See Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014) ("[I]n cases where a defendant failed to appear, an entry of default by the clerk of the court has not prevented district courts from considering whether to certify a class prior to the entry of a default judgment against a defendant.") (citation omitted); *see, e.g., In re Indus. Diamonds Antitrust Litig.*, 167 F.R.D. 374, 376 n.1, 386-87 (S.D.N.Y. 1996) (certifying a class after defendant's default); *Saade v. Insel Air*, 2019 WL 2255580,

at *2 (S.D. Fla. Apr. 4, 2019), *report and recommendation adopted*, 2019 WL 9093468 (S.D. Fla. July 16, 2019) (same); *see also Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 687 F. App'x 10, 12 (2d Cir. 2017) ("[W]e conclude that the district court abused its discretion by denying as moot Acticon's motion for class certification . . . As Acticon correctly notes, no default judgment had been entered prior to its motion for class certification.").

"[A] clerk's entry of default does not change the analysis that a district court must undertake in deciding whether to certify a class because 'any other conclusion might give defendants an incentive to default in situations where class certification seems likely.' To that end, certification under Rule 23 remains a procedural requirement for a class to recover damages. A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met." *Saade*, 2019 WL 2255580, at *2 (internal annotations omitted).

There are four prerequisites for class certification under Federal Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997). In addition, Plaintiff must establish that one or more of the grounds for maintaining the suit as a class action are met under Rule 23(b). Plaintiff seeks certification under Rule 23(b)(3), which requires (1) predominance of the questions of law or fact common

to the members of the class over any questions affecting only individual members; and (2) superiority of a class action for the fair and efficient adjudication of the controversy. *See Amchem*, 521 U.S. at 625; Fed. R. Civ. P. 23(b)(3).

"[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," including specifically allegations relating to the prerequisites for class certification under Federal Rule 23. *Amadi v. Ace Homecare, LLC*, 2019 WL 1392453, at *1 (M.D. Fla. Mar. 28, 2019) (internal annotations and citations omitted) (a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *Duncan v. Sabal Palms I Assocs., Ltd.*, 1990 WL 10600304, at *3 (M.D. Fla. June 7, 1990) (certifying class action based on the plaintiff's allegations in the complaint that were, in effect, admitted by the defaulted defendant); *Jackson v. Paycron, Inc.*, 2019 WL 2085430, at *2 (M.D. Fla. May 13, 2019) (same).

Pursuant to Federal Rule 23(b)(3), Plaintiff seeks certification of the following Class:

> [A]ll Michigan residents who, at any point during the relevant pre-July 31, 2016 time period, had their Private Reading Information disclosed to third parties by [Defendant] without consent[.]

(Compl. ¶ 49, PageID.18.) "Excluded from the Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant." (*Id.*)

The factual allegations of the Complaint, which are deemed admitted as a result of Defendant's default, readily satisfy each of the prerequisites to certification of the above-defined Class pursuant to Rules 23(a) and 23(b)(3), as discussed below.

## A. The Requirements of Rule 23(a) Are Satisfied

Rule 23(a) requires that (1) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (2) there are questions of law or fact common to the proposed class (commonality); (3) the plaintiff's claims are typical of those of the class (typicality), and (4) the plaintiff and class counsel will adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a)(1)-(4). The Class readily satisfies each of these requirements.

### 1. Numerosity

The first requirement of Rule 23(a) is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although there is no fixed numerical threshold for determining impracticability of joinder, "[i]n most cases, a class in excess of forty members will do." *Curry v. SBC Comm'ns, Inc.*, 250 F.R.D 301, 310 (E.D. Mich. 2008) (citations omitted); *Davidson v. Henkel Corp.*, 302 F.R.D. 427, 436-37 (E.D. Mich. 2014) (certifying a class of 49 plaintiffs). Only a reasonable estimate of the number of members in the purported class is required. *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513, 520 (E.D. Mich. 2013).

The Complaint alleges that the proposed Class consists of thousands of persons. (Compl. ¶ 50 & *id.*, Ex. A (Defendant's data card reflecting information pertaining to 79,997 persons nationwide available for rental and exchange), PageID.18-19, 2-3.) Joinder of all Class members is thus obviously impractical. *See Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 548-49 (N.D. Cal. 2007) (numerosity is satisfied where at least 40 class members).

Accordingly, the numerosity requirement of Rule 23(a) is satisfied.

## 2. Commonality

The second requirement is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied when the claims depend on a common contention, the resolution of which will bring a class-wide resolution of the claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The threshold for demonstrating the commonality requirement is not high, as "[c]omplete identity of issues is not required," *Merenda v. VHS of Mich., Inc.*, 296 F.R.D. 528, 536 (E.D. Mich. 2013), and is satisfied when there is one question common to the class, the resolution of which will advance the litigation. *See In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 852-53 (6th Cir. 2013).

Many questions of law and fact are common to the Class in this case, including (a) whether Defendant is a "retailer or distributor" of publications (i.e., magazines);

(b) whether Defendant obtained consent before disclosing to third parties Plaintiff's and the Class's Private Reading Information; and (c) whether Defendant's disclosure of Plaintiff's and the Class's Private Reading Information violated the PPPA (Compl. ¶ 51, PageID.19). Plaintiff contends that these questions can be answered on a class-wide basis with common proof, and that their answers will drive the litigation forward as a whole. *See, e.g.*, *Parker v. Time Warner Enter. Co.*, 239 F.R.D. 318, 329-30 (E.D.N.Y. 2007) (finding commonality where "[t]he claims are derived from the same legal theory and are based upon the same factual question – whether class members were injured because of [defendant's] disclosure of their [statutorily protected information] without properly notifying them of that practice").

Indeed, numerous courts have certified PPPA classes in light of the commonality of these common contentions. *See, e.g.*, *Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524, 532-34 (E.D. Mich. 2015) (finding PPPA litigation against another magazine publisher was "driven by issues that are common to the entire putative class"); *Kinder v. Meredith Corp.*, 2016 WL 454441, at *1 (E.D. Mich. Feb. 5, 2016).

Accordingly, the commonality requirement of Rule 23(a) is satisfied.

### 3.  Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties

are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement 'is not demanding.'" *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 180 (S.D.N.Y. 2005). Typicality concerns "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). The test for typicality is not demanding and does not require the interests and claims of the plaintiffs to be identical. *Reese v. CNH America, LLC*, 227 F.R.D. 483, 487 (E.D. Mich. 2005). "Typicality may be presumed when the plaintiff's claim 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members.'" *Gilkey v. Cent. Clearing Co.*, 202 F.R.D. 515, 524 (E.D. Mich. 2001). In other words, when the basis of the suit is the defendant's systematic business practices towards the named plaintiff and the members of the proposed class, typicality is satisfied.

Here, Plaintiff alleges that Defendant's disclosure of his subscription information was not a situation unique to him, but rather part of Defendant's standard business practice of disclosing its customers' subscription information to third parties without consent. Compl. ¶¶ 1-2, 5-8, 41-48. Plaintiff thus alleges that the personal reading information of all Class members was disclosed to the same third parties and for the same purpose—and that these disclosures therefore violated

the PPPA in the same way. And to redress such violations, the PPPA authorizes each Class member to recover the same statutorily set sum of damages ($5,000.00).

Accordingly, Plaintiff's pursuit of his own claims in this matter will necessarily advance the interests of the Class, satisfying the typicality requirement of Rule 23(a). *See, e.g.*, *Coulter-Owens*, 308 F.R.D. at 534-35; *Kinder*, 2016 WL 454441, at *1; *Date v. Sony Elecs., Inc.*, 2013 WL 3945981, at *3 (E.D. Mich. July 31, 2013) ("Because all Class Members' claims arise from the same course of conduct . . . their claims are based on the same legal theory and the typicality requirement, which is not onerous, is met."); *Little Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 243 (E.D. Mich. 1997) (finding typicality met where "[t]he class representatives' claims arise from precisely the same events, legal documents, and consequences and legal theories affecting all [class members]").

### 4.  Adequacy of Representation

The fourth and final Rule 23(a) requirement is adequacy of representation, Fed. R. Civ. P. 23(a)(4), which has two components: "(1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Int'l Union v. Ford Motor Co.*, 2006 WL 1984363, at *19 (E.D. Mich. July 13, 2006) (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)); *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013).

Adequacy exists when the named plaintiff is a part of the class, possesses the same interest, suffered the same injury, and thus, seeks the same type of relief as the other class members. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007) (citation omitted).

In this case, the Complaint alleges that Plaintiff—like each of the Class members—purchased a magazine subscription from Defendant while residing in Michigan and had his subscription information disclosed to third parties without consent. (Compl. ¶¶ 9, 41-48.) Thus, Plaintiff and Class members have the exact same interest in recovering the statutory damages to which they are entitled under the PPPA. As such, Plaintiff does not have any interest antagonistic to those of the Class.

Likewise, proposed Class counsel—Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran of Hedin Hall LLP, and E. Powell Miller of The Miller Law Firm, P.C.—have extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. They regularly engage in major complex litigation involving consumer privacy, including numerous PPPA cases, have the resources necessary to conduct litigation of this nature, and have frequently been appointed lead class counsel by courts throughout the country. *See* Firm Resumes of Bursor & Fisher, P.A., Hedin Hall LLP, and The Miller Law Firm, P.C., attached hereto as **Exhibits A-C**; *see also Ebin*

10

*v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims . . . The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five [now six] class action jury trials since 2008."); *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) ("Hedin Hall LLP also has extensive experience in class actions"); *Groover v. Prisoner Transp. Servs., LLC*, 2019 WL 3974143, at *2 (S.D. Fla. Aug. 22, 2019) ("Counsel [at Hedin Hall LLP] provided excellent and thorough representation in a case that was exceptionally time-consuming."); *Fox v. Cty. of Saginaw*, 2020 WL 6118487, at *11 (E.D. Mich. Oct. 16, 2020) ("counsel have substantial experience litigating class actions and novel constitutional questions"); *In Re: Ford Motor Co. F-150 and Ranger Truck Fuel Econ. Mktg. and Sales Pracs. Litig.* (No. 2:19-md-02901 ECF No. 55, PageID.1158 (E.D. Mich.) ("The Court concludes that E. Powell Miller with the Miller Law Firm is the applicant best able to represent the interests of the putative class based upon . . . the Miller Law Firm's prior experience in handling class actions and other complex litigation").

Because Plaintiff and proposed Class counsel are committed to representing the Class and neither have interests antagonistic to the Class, the adequacy

requirement is satisfied.[1]

## B. The Requirements of Rule 23(b)(3) Are Satisfied

Finally, because Plaintiff seeks certification under Rule 23(b)(3), Plaintiff must additionally show (1) that common questions of law or fact predominate over questions affecting only individual members of the Class (predominance); and (2) that a class action is superior to other available methods of resolving the controversy (superiority). Fed. R. Civ. P. 23(b)(3).[2] Both requirements are easily satisfied here.

### 1. Common Questions Predominate

Rule 23(b)(3)'s predominance requirement focuses on whether the defendant's liability is common enough to be resolved on a class basis, *Dukes*, 564 U.S. at 349-60, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The Rule 23(b)(3) predominance requirement is akin to the commonality requirement Rule 23(a) "in that both require that common questions exist, but [Rule 23](b)(3) contains the more

---

[1]    For the same reasons the adequacy of counsel requirement of Rule 23(a)(4) is satisfied, the Court should appoint Plaintiff's counsel as counsel on behalf of the Class pursuant to Rule 23. *See, e.g.*, *Jackson*, 2019 WL 2085430, at *2.

[2]    Because the Court is called upon to assess the requirements of Rule 23 in the context of a default judgment, the Court need not consider whether any manageability problems would arise at trial if the Class is certified. *Cf. Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

stringent requirement that common issues 'predominate' over individual issues." *Machesney v. Lar-Bev of Howell, Inc.*, 317 F.R.D. 47, 61 (E.D. Mich. 2016) (citation omitted). In other words, where commonality is satisfied when there is a single factual or legal question common to the class, "[t]he predominance requirement is met if this common question is at the heart of the litigation." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). Common issues are at the heart of a case when there is generalized evidence that would prove or disprove an element of the action on a class-wide basis. *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 339 (E.D. Mich. 2001); *see also Powers*, 501 F.3d at 619 (noting that "[c]ases alleging a single course of wrongful conduct are particularly well-suited to class certification.").

In this case, as described above, Defendant's common course of conduct presents multiple questions of law and fact that are central to liability and thus predominate over any issues affecting individual Class members. Thus, courts have regularly found common questions to predominate over individual issues in similar PPPA cases. *See Coulter-Owens*, 308 F.R.D. at 536; *Kinder*, 2016 WL 454441, at *2. Because Defendant engaged in a common course of conduct with respect to all members of the Class, all Class members' claims "will prevail or fail in unison." *See Whirlpool*, 722 F.3d at 859 (citation omitted). Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied.

## 2.  Class Treatment of Plaintiff's Claims Is Superior

The class action device is also the superior means of adjudicating this controversy because it "achieve[s] economies of time, effort and expense and promote[s] . . . uniformity of decision as to persons similarly situated." *Amchem*, 521 U.S. at 615. Class actions are preferred over small, individual suits for damages because they provide a mechanism through which individuals who, under other circumstances, would not otherwise have the opportunity to seek redress from the defendant through litigation. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2010); *see also Amchem*, 521 U.S. at 617. Claims alleging a standard course of wrongful conduct are particularly well-suited for class certification because they facilitate efficiency and uniformity. *Young*, 693 F.3d at 545; *see also Powers*, 501 F.3d at 619 ("[C]ases alleging a single course of wrongful conduct are particularly well-suited to class certification."). As Judge Steeh held in *Coulter-Owens*, "given the commonalities, it makes sense to proceed as a class action and address the issues one time rather than [in] potentially hundreds of separate cases." 308 F.R.D. 524, 537.

Because all questions necessary to determine whether Defendant violated the PPPA are common to all Class members, as previously discussed, a class action is a much more efficient use of judicial and party resources than multiple actions. *See In re Cardizem CD Antitrust Litig.*, 200 F.R.D. at 351. Further, absent a class action,

members of the Class would almost certainly find the individual costs of litigation to be prohibitive. Indeed, no other member of the proposed Class has brought any PPPA claims against Defendant; thus, "there is no indication that any class member wants to individually control his or her own separate action." *Calloway v. Caraco Pharm. Labs., Ltd*., 287 F.R.D. 402, 408 (E.D. Mich. 2012).

In addition, many members of the Class may not even be aware of the disclosure of their Personal Reading Information by Defendant and thus their entitlement to relief under the PPPA. Where consumers are unlikely to discover (and vindicate) injuries absent certification of a class, class treatment is superior to the alternatives. *Young*, 693 F.3d at 545-46.

Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied. Because Plaintiff has satisfied each of the requirements of Rule 23(a) and Rule 23(b)(3), the Court should certify the above-defined Class.

## II.    THE COURT SHOULD GRANT PLAINTIFF LEAVE TO CONDUCT DISCOVERY TO IDENTIFY CLASS MEMBERS AND CALCULATE DAMAGES PURSUANT TO RULE 55(b)(2)

Finally, prior to moving for entry of a default judgment for damages on behalf of Plaintiff and the Class, Plaintiff requires reasonable discovery to identify members of the Class and their contact information pursuant to Rule 55(b)(2).

Pursuant to Federal Rule 55(b)(2): "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or

effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Plaintiff respectfully requests leave pursuant to Rule 55(b)(2) to conduct discovery, including issue subpoenas for documents and other tangible things and for deposition testimony, in order to identify and quantify the number of Defendant's Michigan-based subscribers whose Personal Reading Information was disclosed by Defendant to others during the relevant pre-July 31, 2016 time period, as well as to locate each of their contact information. Plaintiff requires this discovery prior to moving for a default judgment on behalf of the Class pursuant to Rule 55(b) – both to calculate the amount of damages to which the Class is entitled as a result of Defendant's PPPA violations ($5,000 multiplied by the number of Class members, as afforded by the statute), and to request that the Court enter a default judgment awarding such amount to the Class pursuant to Rule 55(b). *See, e.g.*, *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004) ("[t]o determine the amount of damages to be assessed against [defendant], limited discovery is required to develop the individualized facts and circumstances" (citing Rule 55(b)(2)); *Cranor v. Skyline Metrics, LLC*, 2018 WL 11437828, at *2 (W.D. Mo. Dec. 14, 2018) (citing Rule 55(b)(2), court notes that it is "unsurprising that, after a clerk's entry of default, district courts have uniformly allowed a plaintiff to conduct limited discovery to

determine the amount of damages" and, as such, "allowing discovery before the filing of a motion for default judgment best serves judicial economy"). This discovery will also be necessary to distribute to Class members any relief awarded to them by the Court pursuant to Rule 55, after Plaintiff has collected that relief from the Defendant. *See, e.g.*, *Cranor*, 2018 WL 11437828, at *2 (noting that "the discovery involved in class certification will certainly be similar to the discovery involved in determining damages, and the process can be expedited by conducting discovery on both issues concurrently").

If the Court grants Plaintiff leave to seek this discovery, Plaintiff will initially serve third party subpoenas on Nextmark, Inc., on whose website the data card shown in the Complaint appears, and its affiliates Organ Worldwide, LLC, and ConsumerBase, LLC (d/b/a "Exact Data"), which possesses and rents to third parties the lists advertised for sale on Nextmark's website, as these entities are likely to have received from Defendant and rented and otherwise disclosed to other third parties on Defendant's behalf the Personal Reading Information of Plaintiff and Class members during the relevant time period (in violation of the PPPA), and thus likely possess the records sufficient to identify the names and addresses of the members of the Class. (*See* Compl. ¶¶ 2, 41-48, 50 & *id.*, Ex. A.) Depending on the information and materials obtained through these initial subpoenas, additional subpoenas to other third parties may be necessary in order for Plaintiff to obtain all of the relevant

records. If leave to conduct this discovery is granted by the Court, Plaintiff will submit monthly status reports to keep the Court apprised of his progress.

## CONCLUSION

For the foregoing reasons, the Court should certify the above-defined Class pursuant to Rules 23(a) and 23(b)(3) and grant Plaintiff leave to conduct class-wide discovery pursuant to Rule 55(b)(2). A proposed order granting the requested relief is attached hereto as **Exhibit D**.

Dated: December 2, 2022                 Respectfully Submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140

Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff & Proposed Class Counsel*

## <u>CERTIFICATE REGARDING WORD COUNT</u>

Plaintiff Matthew Kotila, in compliance with W.D. Mich. LCivR 7.2(b)(i)-(ii), used 4,126 words in Plaintiff's foregoing brief. Microsoft Word for Office 365 Business version 1910 is the word processing software used to generate the word count in the attached brief.

Dated: December 2, 2022                 Respectfully Submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

*Counsel for Plaintiff & Proposed Class Counsel*

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on December 2, 2022, a true and correct copy of the foregoing was served by electronic service via the Court's CM/ECF service on all counsel or parties of record on the service list in the above-entitled action. I further certify that a true and correct copy of the foregoing is being sent this same date to the persons listed below via prepaid first-class U.S. Mail:

- Charter Financial Publishing Network, Inc., c/o Cogency Global, 850 New Burton Road, Suite 201, Dover, DE 19904

/s/ *E. Powell Miller*
E. Powell Miller