# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW KOTILA, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00704 |
| Plaintiff, | Hon. Hala Y. Jarbou |
| v. | |
| CHARTER FINANCIAL PUBLISHING NETWORK, INC., | **CLASS ACTION** |
| Defendant. | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR DEFAULT JUDGMENT PURSUANT TO RULES 23(b)(3) AND 55(b)(2) AND APPROVAL OF PLAINTIFF'S PROPOSED CLASS NOTICE PLAN**

## <u>QUESTION PRESENTED</u>

1.  Should the Court grant Plaintiff's Motion for Default Judgment pursuant to Rules 23(b)(3) and 55(b)(2), and approve Plaintiff's Notice Plan, where the Defendant has failed to respond to a properly-served lawsuit and where Plaintiff has provided uncontested evidence to the Court demonstrating that Defendant disclosed to a third-party the subscriber information of Class members in violation of Michigan's Preservation of Personal Privacy Act?

**Plaintiff Answers:**

Yes, to the above.

## <u>MOST CONTROLLING AUTHORITY</u>

- Fed. R. Civ. P. 23(b)(3)

- Fed. R. Civ. P. 55(b)(2)

- *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529 (E.D. Mich. Jan. 6, 2016)

- *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837 (E.D. Mich. 2006)

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ........................................................................................ 1

II.  BACKGROUND ......................................................................................... 1

III. CLASS CERTIFICATION AND NOTICE ................................................ 2

IV. ARGUMENT .............................................................................................. 5

     A.     Default Judgment Standard .................................................... 5

     B.     This Court Has Jurisdiction to Enter a Default Judgment ..................... 7

     C.     Plaintiff and the Class Are Entitled to Entry of Default Judgment ....... 8

     D.     Damages .............................................................................. 11

     E.     Necessity of Holding a Hearing ............................................. 12

V.     CONCLUSION ....................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*ACE Am. Ins. Co. v. ABC Pro. Enter. LLC*,
   2023 WL 2480737 (E.D. Mich. Mar. 13, 2023)....................................6

*Amchem Prods. Inc. v. Windsor*,
   521 U.S. 591 (1997)..........................................................................2

*Amica Mut. Ins. Co. v. Epplett*,
   2015 WL 5439946 (E.D. Mich. Sept. 15, 2015) ..................................8

*Boyce v. Peeks Restoration Servs., Inc.*,
   2023 WL 4824455 (W.D. Mich. May 25, 2023)..................................13

*Duncan v. Sabal Palms I Assocs., Ltd.*,
   1990 WL 10600304 (M.D. Fla. June 7, 1990) .....................................5

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ...........................................................9

*Ford Motor Co. v. Cross*,
   441 F. Supp. 2d 837 (E.D. Mich. 2006) ............................... 5, 6, 7, 12

*Juana's Packing Co. v. Fed. Bakers USA*,
   2010 WL 310765 (W.D. Mich. Jan. 21, 2010).....................................13

*Marshall v. Bowles*,
   92 F. App'x 283 (6th Cir. 2004) ........................................................9

*McIntyre v. Ogemaw Cnty. Bd. of Commissioners*,
   2017 WL 1230477 (E.D. Mich. Apr. 4, 2017) ...................................13

*Missilmani v. Shirazi*,
   2020 WL 806118 (E.D. Mich. Feb. 18, 2020).....................................13

*Nock v. Boardroom, Inc.*,
   2023 WL 3572857 (E.D. Mich. May 19, 2023) .................................10

*State Farm Bank, F.S.B. v. Sloan*,
   2011 WL 2144227 (E.D. Mich. May 31, 2011) ...................................8

*Stephenson v. El Batrawi*,
   524 F.3d 907 (8th Cir. 2008) ...........................................................13

*Toler v. Glob. Coll. of Nat. Med., Inc.*,
   2016 WL 67529 (E.D. Mich. Jan. 6, 2016) ................................ passim

*Visioneering Constr. v. U.S. Fidelity and Guar.*,
   661 F.2d 119 (6th Cir. 1981) .............................................................5

**Statutes**

28 U.S.C. § 1332(d) ..................................................................................7

**Rules**

Fed. R. Civ. P. 12(a)(1)(A)(i) ....................................................................1
Fed. R. Civ. P. 23(c)(2)(B) ........................................................................4
Fed. R. Civ. P. 23(e)(1)(B) ........................................................................4
Fed. R. Civ. P. 55(a).................................................................................1
Rule 55(b)(1)..............................................................................................6
Rule 55(b)(2)................................................................................. 6, 7, 8, 10

**Treatises**

10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
2688 (4th ed.) ........................................................................................6, 8
10A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* §
2693 (3d ed.) ............................................................................................11
A. Conte & H. Newberg, *Newberg on Class Actions* (4th ed.), § 11:53 ..............6, 8
Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 3rd § 2688..........12

## I. INTRODUCTION

Plaintiff Matthew Kotila ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully moves this Court for approval of Plaintiff's proposed notice plan and for entry of Default Judgment as to Defendant Charter Financial Publishing Network, Inc. ("Defendant"), pursuant to Rules 23(b)(3) and 55(b)(2), with the precise value of the Judgment deferred until after the notice period.

## II. BACKGROUND

On August 3, 2022, Plaintiff initiated this action by filing his Class Action Complaint against Defendant. ECF No. 1. The following day, the Clerk of Court issued a Summons in a Civil Action as to Defendant. ECF No. 4.

On August 11, 2022, service of the Complaint and Summons was effectuated on Defendant. *See* ECF No. 5 at 2, PageID.534; *see also* Declaration of E. Powell Miller ¶ 4, **Exhibit A**. Defendant failed to answer or respond to the Complaint or otherwise defend the action within twenty-one days from the date of service of the Summons and Complaint, as required under Federal Rule of Civil Procedure 12(a)(1)(A)(i).

Thus, on September 28, 2022, Plaintiff filed an Application for the Clerk of Court to enter a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 7. On October 19, 2022, the Clerk of Court issued an Entry of Default against Defendant pursuant to Rule 55(a). ECF No. 12. The Court,

upon a motion from Plaintiff, then certified the class on June 5, 2023. ECF No. 17.

Because Defendant failed to respond or otherwise appear in this matter, Plaintiff's

Motion should be granted, notice should be approved, and final judgment should be

entered against Defendant, with the precise value to be determined after the notice

period.

### III. CLASS CERTIFICATION AND NOTICE

On December 2, 2022, Plaintiff filed a Motion for Class Certification Pursuant

to Rules 23(a) & 23(b)(3), and for Leave to Take Discovery Pursuant to Rule

55(b)(2). ECF No. 13.

On May 12, 2023, the Court issued its Opinion and Order on Plaintiff's

Motion for Class Certification, conditionally granting the motion to certify the class.

ECF Nos. 14, 15. The Court's Order directed Plaintiff to provide a more specific

proposed class definition within seven days. *Id.*

The Court's Opinion rigorously analyzed the four prerequisites for class

certification under Federal Rule 23(a): numerosity, commonality, typicality, and

adequacy of representation and certified the class. *See* Opinion, ECF No. 14,

PageID.647–648; *see also Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613

(1997). Moreover, Plaintiff sought, and Court certified, the Class under Rule

23(b)(3), concluding that "Charter's common course of conduct toward all members

of the class indicate that common questions of fact and law will predominate over

2

issues that are subject to individualized proof" and "a class action is preferable because the class members are unlikely to seek relief in individual suits." Opinion, ECF No. 14, PageID.649–650; *see also Amchem*, 521 U.S. at 625. However, the Court ordered Plaintiff to provide a more specific class definition. *Id*. at 651; *see also* ECF No. 15.

On May 19, 2023, Plaintiff filed a supplemental brief providing a more specific class definition and requesting leave to take discovery. ECF No. 16. On June 5, 2023, the Court issued an Order certifying the Class, and allowing Plaintiff to conduct discovery. ECF No. 17.

Certification of the Class and the opportunity for discovery provided Plaintiff with the information necessary to identify and quantify the number of Class members and calculate the total sum of statutory damages to which they are entitled under the PPPA. Plaintiff now moves this Court for a class-wide default judgment for damages on behalf of the Class as certified by the Court under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> Plaintiff, as well as every other resident of Michigan who subscribed to any of Defendant's publications before July 31, 2016, and whose name together with the name of the publication(s) to which they subscribed were disclosed by Defendant (or an employee or agent of Defendant acting on Defendant's behalf) at any time between April 25, 2016, and July 30, 2016, to any third party without the consent of the subscriber.

ECF No. 17, PageID.658–659.

"For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Further, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The substance of the notice to the class must describe in plain language the nature of the action, the definition of the class to be certified, the class claims and defenses at issue, that class members may enter an appearance through counsel if so desired, that class members may request to be excluded from the class, and that the effect of a class judgment shall be binding on all class members. *See* Fed. R. Civ. P. 23(c)(2)(B). Notice is "adequate if it may be understood by the average class member." A. Conte & H. Newberg, *Newberg on Class Actions* (4th ed.), § 11:53 at 167. Once the class has been certified, notice shall be directed to the class, even where a defendant has been defaulted and failed to object or otherwise respond. *See Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529, at *4 (E.D. Mich. Jan. 6, 2016).

Here, Plaintiff has worked with a Claims Administrator ("Administrator") to create a multi-part notice plan that easily satisfies the requirements of both Rule 23 and Due Process. First, the Administrator will perform skip traces on any returned

undeliverable notices and those notices will be remailed to any new found addresses;
further, the Administrator will establish a customized case website that shall contain
additional comprehensive information about this class action, as well as access to
important Court documents, upcoming deadlines, and the ability to file claim forms
online (if needed for any unidentified class members), or an updated postal address.
*See* Miller Decl., **Ex. A**.

Thus, Plaintiff requests that this Court approve Plaintiff's proposed class
notice plan directed to Class members.

## IV. ARGUMENT

### A. Default Judgment Standard

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative
relief is sought has failed to plead or otherwise defend, and that failure is shown by
affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).
"Once a default has been entered by the clerk, all of Plaintiff's well-pleaded
allegations are deemed admitted." *Toler*, 2016 WL 67529, at *5 (citing *Ford Motor
Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) which cited *Visioneering
Constr. v. U.S. Fidelity and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); s*ee also
Duncan v. Sabal Palms I Assocs., Ltd.*, 1990 WL 10600304, at *3 (M.D. Fla. June
7, 1990) (certifying class action based on the plaintiff's allegations in the complaint
that were, in effect, admitted by the defaulted defendant).

Following entry of the default, a default judgment may be sought either from the clerk of the court under Rule 55(b)(1) (if a sum certain can be ascertained from Plaintiff's claim), or under Rule 55(b)(2) (via an application to the court in all other cases). Fed. R. Civ. P. 55(b)(1)-(2).

On October 19, 2022, upon Plaintiff's request, the Clerk of the Court issued an Entry of Default against Defendant. ECF No. 12; *see also* ECF No. 7. Plaintiff, on behalf of himself and the Class, now seeks entry of a default judgment under Rule 55(b)(2).

In considering whether to enter a default judgment, courts "should accept as true all factual allegations contained in [Plaintiff's] Complaint[,]" and "[i]f those allegations are sufficient to support a finding of liability . . . the Court should enter judgment." *Id.* "And if the Court determines that default judgment is appropriate, the Court must determine the 'amount and character' of the recovery awarded." *ACE Am. Ins. Co. v. ABC Pro. Enter. LLC*, 2023 WL 2480737, at *5 (E.D. Mich. Mar. 13, 2023) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed. 2017)). Here, Defendant was served with the Complaint and failed to answer or otherwise respond, the Clerk has properly entered a default against the Defendant and, as a result, Defendant is bound on the issue of liability as to the factual allegations in the Complaint. *See Cross*, 441 F. Supp. 2d at 846.

Under Rule 55(b)(2)(A)-(D), a court may, but need not, conduct a hearing for any of the following: to conduct an accounting of the matter, to determine the amount of damages, to establish the truth of any allegation or evidence, or to investigate any additional matter. Fed R. Civ. P. 55(b)(2)(A)-(D).

## B. This Court Has Jurisdiction to Enter a Default Judgment

"In order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties, and must act in a manner consistent with due process." *Cross*, 441 F. Supp. 2d at 845. "A district court must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Id.*

This Court has both personal and subject matter jurisdiction. This Court found in its Opinion and Order conditionally granting Plaintiff's Motion for Class Certification that it has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and, at least one Class member is a citizen of a state different from Defendant. ECF No. 14, PageID.644–645 (citing Complaint ¶ 50); s*ee also Toler*, 2016 WL 67529, at *6 (concluding that plaintiff sufficiently alleged original jurisdiction pursuant to 28 U.S.C. § 1332(d) in her complaint).

The Court has personal jurisdiction over Defendant because Plaintiff's claims arose in substantial part from actions and omissions in Michigan, including from Plaintiff's purchase of a *Financial Advisor* subscription in Michigan, and Defendant's failure to obtain Plaintiff's written consent in Michigan prior to disclosing his Private Reading Information, including his residential address in Michigan, to another person, the effects of which were felt from within Michigan by a citizen and resident of Michigan. Complaint ¶ 12.  Personal jurisdiction also exists over Defendant in Michigan because Defendant conducts substantial business within Michigan, such that Defendant has significant, continuous, and pervasive contacts with the State of Michigan. *Id.*

### C. Plaintiff and the Class Are Entitled to Entry of Default Judgment

"Although Fed.R.Civ.P. 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law indicates that the court must exercise 'sound judicial discretion' when determining whether to enter the judgment." *Amica Mut. Ins. Co. v. Epplett*, 2015 WL 5439946, at *4 (E.D. Mich. Sept. 15, 2015) (citing *State Farm Bank, F.S.B. v. Sloan*, 2011 WL 2144227 (E.D. Mich. May 31, 2011) & 10A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2685 (3rd ed. 1998)); *see also Toler*, 2016 WL 67529, at *7 (same).

"The district court's sound discretion is guided by the following factors: (1) possible prejudice to the Plaintiff; (2) the merits of the Plaintiff's claim; (3) the

sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Toler*, 2016 WL 67529, at *7 (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) & *Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004)).

With respect to the first factor, Plaintiff and the Class would suffer prejudice were the Court to deny Plaintiff's Motion. Plaintiff and the other Class members have been waiting over a year for relief in this matter. Defendant has failed to respond to any filings in this case, let alone file an appearance, prolonging this litigation. Given Defendant's persistent non-responsiveness, any additional delay under these circumstances would be unreasonably prejudicial to the Class members. Thus, the first factor—possible prejudice to Plaintiff—clearly weighs in favor of entering a default judgment. *See Toler*, 2016 WL 67529, at *7.

With respect to the second and third factors, the merits of the claim and the sufficiency of the Complaint also weigh in favor of entering judgment by default. First, as discussed above, "[w]hen a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Cross*, 441 F. Supp. 2d at 848. And Plaintiff's factual allegations plausibly state a claim. *See, e.g.*, *Nock v. Boardroom, Inc.*, 2023 WL 3572857, at *4 (E.D. Mich. May

19, 2023) (in a Michigan PPPA case with allegations similar to this case, the court held that the plaintiff's allegations plausibly stated a claim for relief—"these allegations are more than adequate to show that [defendant] plausibly violated the PPPA sometime before July 31, 2016"—finding that "[a] complaint survives a motion to dismiss under Rule 12(b)(6) by simply alleging facts sufficient to state a claim to relief that is plausible on its face . . . So when federal courts review "the sufficiency of a complaint" their "task is necessarily a limited one.").

In order to prove a PPPA claim in Michigan, plaintiffs need to show that: they were Michigan subscribers to the defendant's publication prior to July 31, 2016, and that their name, and the publication that they subscribed to, were non-consensually disclosed to a third-party. And based on the timing of the filing of this suit, that disclosure would need to have taken place between April 25, 2016 and July 31, 2016.

The information obtained via discovery does just that. Through discovery, Plaintiff obtained, via third-parties, information that demonstrates that there are at least 3,416 members of the Class (Michigan subscribers to Defendant's *Financial Advisor* magazine as of July 31, 2016, who had their name, and that they subscribed to *Financial Advisor*, non-consensually disclosed to a third-party between April 25, 2016 and July 31, 2016). Thus, under Rule 55(b)(2), Plaintiff has satisfied his burden of proof. As such, Plaintiff, on behalf of the Class, moves this Court for a Default Judgment in the amount of $5,000.00 per Class member, the statutory penalty

provided by the Preservation of Personal Privacy Act, PPPA § 5(a) (*see* ECF No. 1, PageID.24), with final value of the Judgment deferred until after the notice period.

The remaining factors also support the entry of default judgment here. Regarding the fourth factor, the amount of the judgment represents the statutorily-set penalty. And as it was set by the Legislature, it is assumed to be reasonable. With respect to the fifth factor, there is no dispute over Defendant's third-party disclosures given that third-party have provided evidence of this disclosure. With respect to the sixth factor, Defendant has not answered nor appeared and thus no evidence of excusable neglect is present. Finally, while public policy favors resolution of cases on the merits, Defendant has consistently ignored opportunities for a merits-based resolution by refusing to respond in this matter.

Ultimately, "'effective judicial administration requires that at some point disputes be treated as finally and definitively resolved.'" *Toler*, 2016 WL 67529, at *9 (quoting 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2693 (3d ed.)). As such, considering all of the above factors, they weigh in absolute favor of entering a default judgment against Defendant.

### D. Damages

As detailed above, discovery has revealed that Defendant has wrongfully disclosed the subscription information of Class members; Plaintiff has determined that there are at least 3,416 members of the Class, or Michigan subscribers to

Defendant's *Financial Advisor* magazine as of July 31, 2016, who had their name and that they subscribed to *Financial Advisor*, non-consensually disclosed to a third-party between April 25, 2016 and July 31, 2016.

As such, Plaintiff, on behalf of the Class, moves this Court for a Default Judgment in the amount of $5,000.00 per Class member, the statutory penalty provided by the Preservation of Personal Privacy Act, PPPA § 5(a). See ECF No. 1, PageID.24. This damages calculation is easily calculable given the statutory penalty at issue here and the evidence presented which demonstrates the number of Class members who had their personal reading information disclosed. As mentioned throughout, the precise calculation of the value of the Judgment shall be deferred until after the notice period.

### E. Necessity of Holding a Hearing

"[Rule] 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect." *Cross*, 441 F. Supp. 2d at 848 (citing Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 3rd § 2688); *see also Missilmani v. Shirazi*, 2020 WL 806118, at *3 (E.D. Mich. Feb. 18, 2020) (holding that a court need not hold a hearing if it determines one is unnecessary). "Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits

or documentary evidence to determine damages." *McIntyre v. Ogemaw Cnty. Bd. of Commissioners*, 2017 WL 1230477, at *2 (E.D. Mich. Apr. 4, 2017) (citing *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008)).

Here, the documentary evidence is sufficient, and "an evidentiary hearing is unnecessary" because "sufficient evidence is submitted to support the request for damages" since "the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits[.]" *Boyce v. Peeks Restoration Servs., Inc.*, 2023 WL 4824455, at *2 (W.D. Mich. May 25, 2023) (citing *Juana's Packing Co. v. Fed. Bakers USA*, 2010 WL 310765, at *1 (W.D. Mich. Jan. 21, 2010). Here, the evidence of the third-party disclosure lists, in combination with the statutory penalty, supports the request for damages as definite figures are ascertainable.

## V. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion: approving Plaintiff's class notice plan and entering a Default Judgment as to Defendant, with calculation of the precise value of the Judgment deferred until after the notice period. Plaintiff has attached a proposed order to the Motion.

Dated: August 16, 2023                Respectfully Submitted,

                                                         /s/ *E. Powell Miller*
                                                         E. Powell Miller (P39487)
                                                         **THE MILLER LAW FIRM, P.C.**
                                                         950 W. University Drive, Suite 300

Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff and the Class*

## <u>CERTIFICATE REGARDING WORD COUNT</u>

Plaintiff Matthew Kotila, in compliance with W.D. Mich. LCivR 7.2(b)(i)-(ii), used 3,095 words in Plaintiff's foregoing brief. Microsoft Word for Office 365 Business version 1910 is the word processing software used to generate the word count in the attached brief.

Dated: August 16, 2023                    Respectfully Submitted,

                                          /s/ *E. Powell Miller*
                                          E. Powell Miller (P39487)
                                          **THE MILLER LAW FIRM, P.C.**
                                          950 W. University Drive, Suite 300
                                          Rochester, MI 48307
                                          Tel: 248-841-2200
                                          epm@millerlawpc.com

                                          *Counsel for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2023, a true and correct copy of the foregoing was served by electronic service via the Court's CM/ECF service on all counsel or parties of record on the service list in the above-entitled action. I further certify that a true and correct copy of the foregoing is being sent this same date to the persons listed below via prepaid first-class U.S. Mail:

- Charter Financial Publishing Network, Inc., c/o Cogency Global, 850 New Burton Road, Suite 201, Dover, DE 19904

/s/ *E. Powell Miller*
E. Powell Miller