# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MATTHEW KOTILA, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00704 |
| Plaintiff, | District Judge Hala Y. Jarbou |
| v. | Magistrate Judge Ray S. Kent |
| CHARTER FINANCIAL PUBLISHING NETWORK, INC., | |
| Defendant. | |

### DECLARATION OF CHARLES L. STROLLER IN SUPPORT OF DEFENDANT CHARTER FINANCIAL PUBLISHING NETWORK, INC.'S MOTION TO SET ASIDE DEFAULT PURSUANT TO FED. R. CIV. P. 55(C)

Charles L. Stroller, for his declaration in support of Defendant Charter Financial Publishing Network, Inc.'s ("CFPN") Motion to Set Aside Default Pursuant to Fed. R. Civ. P. 55(c) ("Motion to Set Aside Default"), states as follows:

1. I am the chief executive officer and chief financial officer of CFPN and make this Declaration in support of its Motion to Set Aside Default in that capacity based upon my personal knowledge and review of company records, except with respect to matters stated upon information and belief, which I believe to be true.

2. Founded in 2000 and incorporated under Delaware law that same year, CFPN has 28 employees, including myself, and has its office in Shrewsbury, New Jersey.

3. CFPN is the publisher of *Financial Advisor*, which is a subscription-based, monthly print and digital magazine focused on providing essential market information and strategies to CFPN's approximately 40,000 subscribers at no cost; CFPN also maintains a

website for *Financial Advisor*, https://www.fa-mag.com.

4. CFPN does not provide *Financial Advisor* to the general public. Rather, subscriptions are only issued to licensed financial brokers and advisors, as confirmed by CFPN.

5. At its height, when print media was in greater demand, CFPN had 120,000 subscribers.

6. Until March 2020, CFPN's employees worked in its offices, but like many other businesses, its operations were dramatically affected by the Covid-19 pandemic.

7. When the shutdowns to stop the spread of Covid-19 took effect, CFPN's employees shifted to remote work, as did many other businesses. However, CFPN only recently began its return to an in-office environment on September 6, 2023, when it instituted a 2-day per week in-office requirement.

8. Between March 2020 and September 2023, CFPN had no employees working in its offices on a regular basis.

9. I did not become generally aware of the existence of this lawsuit until on or about July 23, 2023, when CFPN's Director of Finance, Stephanie Perrin, informed me that a document, which she understood to be a subpoena, had been left at our offices and that she would leave the documents on my desk in my absence.

10. On July 29, while in the office for the first time in over a year, I examined the documents left on July 23, a copy of which is attached hereto as Exhibit 1. That document appeared to request records from a competitor, ALM Global, LLC, which publishes a magazine titled "*Investment Advisor*." Because I was unaware of the lawsuit, I unfortunately did not appreciate that the matter required a response from CFPN. In fact, I believed CFPN was

mistakenly referenced in the document.

11. On July 31, Ms. Perrin informed me that she had received via email sent by our designated registered agent, Cogency Global, Inc., which she believed to be a copy of the same document delivered on July 23 or that it pertained to the same matter that I did not believe involved CFPN.

12. I did not hear again about this lawsuit until August 21, 2023, when Ms. Perrin forwarded via email a copy of a document titled "Plaintiff's Brief in Support of His Motion for Default Judgment Pursuant to Rules 23(b)(3) and 55(b)(2) and Approval of Plaintiff's Proposed Class Notice Plan."

13. On August 25, 2023, I forwarded the documents received on August 21 to our counsel in New Jersey, who could not handle the matter.

14. On September 5, 2023, at the suggestion of CFPN's New Jersey counsel, I asked Ms. Perrin to forward the documents received on August 21 to our insurer. Unfortunately, Ms. Perrin did not do so until September 8, 2023.

15. On September 11, 2023, our insurer advised that coverage would not be provided for this matter. Thereafter, I began the process of retaining counsel in Michigan to represent CFPN.

16. Although I later learned that the Complaint had been served on our registered agent on August 11, 2022, I have been unable to confirm precisely whether, how, or when CFPN's registered agent forwarded the Complaint and accompanying Summons.

17. Had I been aware of the lawsuit and need to respond in August 2022 or shortly thereafter, I would have acted quickly to retain counsel and defend the case.

18. I have also had a chance to review the allegations made in the Complaint by the plaintiff, Matthew Kotila, that CFPN shared his personal subscriber data with third party advertisers.

19. After reviewing the Complaint, I requested that CFPN's Head of Technology, Christian Eddleston, search CFPN's subscriber database to confirm whether an individual named Matthew Kotila was, or had ever been, a CFPN subscriber.

20. Eddleston performed that search and, as evidenced by his own Declaration in support of CFPN's Motion to Set Aside Default, found no record that "Matthew Kotila" was ever a subscriber to *Financial Advisor* or was otherwise listed in CFPN's subscriber database. *See* Exhibit C to Motion to Set Aside Default, Declaration of Christian Eddleston in Support of Defendant Charter Financial Publishing Network, Inc.'s Motion to Set Aside Default ("Eddleston Decl."), at p. 1, ¶ 3.

21. Eddleston also searched available and well-recognized websites with databases of licensed financial brokers and advisors to confirm whether "Matthew Kotila" was a licensed financial broker or advisor in Michigan or any other U.S. state or territory. *See* Eddleston Decl. at p. 2, ¶¶ 4-5.

22. Based on my review of the Complaint's allegations against CFPN, my knowledge of CFPN's business operations since March 2020, and Eddleston's investigation, if the Default is set aside and CFPN is permitted to respond, CFPN would assert at least the following meritorious defenses:

- **Failure to State a Claim for Relief** – As Kotila was never a subscriber to *Financial Advisor*, does not appear to be a licensed financial broker or advisor, and

4

is not included on CFPN's subscriber database, the Complaint fails to state a claim upon which relief can be granted in his favor.

- **Statute of Limitations** – To the extent Plaintiff relies on disclosures that occurred outside the applicable statute of limitations, Plaintiff and any other members of the class are barred from recovery.

- **Doctrine of Laches** – To the extent Plaintiff or any other members of the class unduly delayed in bringing claims against CFPN for the conduct described in the Complaint, their claims are barred by the equitable doctrine of laches.

23. I declare under penalty of perjury that the foregoing statements are true and correct.

FURTHER DECLARANT SAYETH NOT.

*Charles L. Stroller*

Date: September 21, 2023

# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

MATTHEW KOTILA,
*Plaintiff,*

v.    Civil Action No. 1:22-cv-00704-HYJ-RSK

CHARTER FINANCIAL PUBLISHING NETWORK, INC.,
*Defendant.*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ALM Global, LLC, 150 E 42nd St, New York, NY
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Schedule A attached hereto.**

| Place: Hedin Hall LLP, 1395 Brickell Avenue, Suite 1140 Miami, FL 33131 | Date and Time: July 14, 2023 at 10:00 AM |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 14, 2023

CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Plaintiff and the putative class, who issues or requests this subpoena, are: Frank S. Hedin, Hedin Hall LLP, 1395 Brickell Ave, Ste 1140, Miami, FL 33131, 305-357-2107, fhedin@hedinhall.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-00704-HYJ-RSK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

### DEFINITIONS

The following definitions and instructions are incorporated by referenced whenever applicable in this document:

1. The term "ALM" shall be construed to mean ALM Global, LLC and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees.

2. The term "ESI" shall mean electronically stored information.

3. The term "CFPN" shall be construed to mean Charter Financial Publishing Network, Inc., and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees.

4. The term "PPPA" shall be construed to mean Michigan's Preservation of Personal Privacy Act.

5. The term "Private Reading Information" shall be construed to mean information pertaining to a subscriber of any of CFPN's publications, including but not limited to name, information indicating the publication(s) subscribed to, address(es), e-mail address(es), telephone number(s), and/or any other information pertaining to the subscriber.

6. "Matthew Kotila" shall be construed to mean the Plaintiff in this action named Matthew Kotila, who resides (and during the relevant time period resided) in Michigan, including at (but not limited to) the address of 620 W. Main Street, Apt. A, Ionia, MI 48846, and who has one or more email addresses, including but not limited to makotila@icloud.com, and telephone numbers, including but not limited to (517) 526-3243.

7. Unless otherwise stated in a request, all documents, communications, and ESI requested are those sent, received, prepared, or otherwise generated between April 25, 2016

through July 31, 2016, or that refer or relate to that time period or to a document, communication, or ESI sent, received, prepared, or otherwise generated in that time period, regardless of its date of transmission, receipt, preparation, or generation. If a document, communication, or ESI is undated and the date of its transmission, receipt, preparation or generation cannot be determined, the document, communication, or ESI shall be produced if otherwise responsive to these requests.

8. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary plain meaning.

## DOCUMENTS REQUESTED

**Document Request No. 1**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between ALM and CFPN.

**Document Request No. 2**

All documents, communications, and ESI exchanged between ALM and CFPN concerning the transmission, suppression, or receipt of the Private Reading Information of Matthew Kotila and/or of any other CFPN subscribers in Michigan, including but not limited to copies of such transmissions, suppressions, and/or receipts, as well as documents, communications, and ESI concerning when such transmissions, suppressions, and/or receipts occurred.

**Document Request No. 3**

All documents, communications, and ESI (in original native format) containing Matthew Kotila's Private Reading Information.

**Document Request No. 4**

All documents, communications, and ESI (in original native format) containing the Private Reading Information of any CFPN subscriber(s) in Michigan.

**Document Request No. 5**

All documents, communications, and ESI (in original native format) exchanged between ALM and any other person that contain the Private Reading Information of Matthew Kotila and/or of any other CFPN subscriber(s) in Michigan.

**Document Request No. 6**

All documents, communications, and ESI (regardless of date) concerning Matthew Kotila.

**Document Request No. 7**

Documents, communications, and ESI sufficient to identify any third party to whom ALM disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom ALM received and/or obtained, Matthew Kotila's Private Reading Information, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, sales, and/or receipts occurred.

**Document Request No. 8**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between ALM and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**Document Request No. 9**

All documents, communications, and ESI exchanged between ALM and each of the third parties identified in the documents responsive to Request No. 7 above concerning the transmission, suppression, and/or receipt of Matthew Kotila's Private Reading Information, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of Matthew Kotila that were exchanged between ALM and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**Document Request No. 10**

Documents, communications, and ESI sufficient to identify any third party to whom ALM disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom ALM received and/or obtained, the Private Reading Information of any CFPN subscriber(s) in Michigan, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, sales, and/or receipts occurred.

**Document Request No. 11**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between ALM and each of the third parties identified in the documents responsive to Request No. 10 above.

**Document Request No. 12**

All documents, communications, and ESI exchanged between ALM and each of the third parties identified in the documents responsive to Request No. 10 above concerning the transmission, suppression, and/or receipt of the Private Reading Information of any CFPN subscriber in Michigan, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of any CFPN subscriber in Michigan that were exchanged between ALM and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 10 above.

**Document Request No. 13**

All documents, communications, and ESI (regardless of date) concerning the action entitled *Kotila v. Charter Financial Publishing Network, Inc.*, Case No. 1:22-cv-00704-HYJ-RSK (W.D. Mich.) (the "*Kotila* Action"), including but not limited to all documents, communications, and ESI concerning the date on which ALM first learned of the *Kotila* Action, all documents, communications, and ESI exchanged between ALM and CFPN (inclusive of all the agents, representatives, employees, and attorneys of the foregoing) concerning the *Kotila* Action and/or the subject matter of the *Kotila* Action, and all documents, communications, and ESI concerning any efforts, measures, and/or steps ALM has taken to preserve documents, communications, and ESI that have a reasonably likelihood of being relevant to the *Kotila*

Action.

**Document Request No. 14**

All documents, communications, and ESI (regardless of date) concerning ALM's policies and/or procedures concerning the retention, preservation, and/or destruction of data (including documents, communications, and ESI), as well as all documents, communications, and ESI (regardless of date) concerning ALM's retention, preservation, and/or destruction of data (including documents, communications, and ESI) responsive to this subpoena.

**Document Request No. 15**

All documents, communications, and ESI (regardless of date) concerning the PPPA.

**Document Request No. 16**

All documents and communications (regardless of date) concerning any policies of insurance (including corresponding declarations pages) that may provide insurance coverage (either directly as an insured or indirectly pursuant to any duty to provide indemnification) to ALM or CFPN for the defense of or any liability incurred in the *Kotila* Action.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Matthew Kotila, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Charter Financial Publishing Network, Inc.,<br><br>　　　　　　　　Defendant. | Case No.: 1:22-cv-00704-HYJ-RSK<br>Hon. Hala Y. Jarbou<br><br>**PLAINTIFF'S NOTICE OF SUBPOENA** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 45, Plaintiff Matthew Kotila will request that ALM Global, LLC produce documents. A true and correct copy of the subpoena that will be served is attached.

Dated: June 28, 2023

**BURSOR & FISHER, P.A.**

By: _/s/ Philip L. Fraietta_
　　　Philip L. Fraietta

Joseph I. Marchese (P85862)
Philip L. Fraietta (P85228)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
　　　　pfraietta@bursor.com

**THE MILLER LAW FIRM, P.C.**
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

1

ssa@millerlawpc.com

**HEDIN HALL LLP**
Frank S. Hedin
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com

*Attorneys for Plaintiff*