UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW KOTILA, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

CHARTER FINANCIAL PUBLISHING
NETWORK, INC.,

    Defendant.

Case No. 1:22-cv-00704

District Judge Hala Y. Jarbou

Magistrate Judge Ray S. Kent

**DEFENDANT CHARTER FINANCIAL PUBLISHING NETWORK, INC.'S MOTION FOR LEAVE TO FILE RESPONSE BRIEF IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT**

**ORAL ARGUMENT REQUESTED**

Defendant Charter Financial Publishing Network ("Defendant" or "CFPN"), by its attorneys, Brooks Wilkins Sharkey & Turco PLLC, pursuant to W.D. Mich. L.R. 7.3(c) requests leave of this Court to file the attached Response Brief in Opposition to Plaintiff Matthew Kotila's Motion for Default Judgment Pursuant to Rules 23(b)(3) and 55(b)(2) and Approval of Plaintiff's Proposed Class Notice Plan (Exhibit A).

In accordance with L.R. 7.1(d), counsel for CFPN confirmed Plaintiffs' opposition to this motion as further detailed on the separately filed Certificate of Compliance.

Respectfully submitted,

**BROOKS WILKINS
SHARKEY & TURCO PLLC**

By: */s/T. L. Summerville*
T. L. Summerville (P63445)
Attorneys for Defendant Charter Financial
Publishing Network, Inc.

2

        401 S. Old Woodward Avenue, Suite 400
        Birmingham, MI 48009
        (248) 971-1719
        summerville@bwst-law.com

Date: December 4, 2023

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW KOTILA, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

CHARTER FINANCIAL PUBLISHING
NETWORK, INC.,

    Defendant.

Case No. 1:22-cv-00704

District Judge Hala Y. Jarbou

Magistrate Judge Ray S. Kent

**DEFENDANT CHARTER FINANCIAL PUBLISHING NETWORK, INC.'S
BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE RESPONSE
BRIEF IN OPPOSITION TO PLAINTIFF MATTHEW KOTILA'S MOTION FOR
DEFAULT JUDGMENT PURSUANT TO RULES 23(B)(3) AND 55(B)(2) AND
<u>APPROVAL OF PLAINTIFF'S PROPOSED CLASS NOTICE PLAN</u>**

**<u>ORAL ARGUMENT REQUESTED</u>**

## CONCISE STATEMENT OF REASONS SUPPORTING THIS MOTION

Should the Court grant CFPN leave to file a response brief opposing Plaintiff Matthew Kotila's Motion for Default Judgment Pursuant to Rules 23(b)(3) and 55(b)(2) and Approval of Plaintiff's Proposed Class Notice Plan (ECF No. 27) when the statute on which Plaintiff's single claim is based (a) does not afford relief to "subscribers" and (b) imposes liability only on a defendants "engaged in the business of selling at retail, renting, or lending books or other written materials, sound recordings, or video recordings," which CFPN is not?

CFPN answers yes.

## TABLE OF AUTHORITIES

Page(s)

**Rules**

W.D. Mich. L.R. 7.3(c)………………………………………………………………… 3

Fed. R. Civ. P. 23(b)……………………………………………………………………. 1

Fed. R. Civ. P. 55(b)………...……...…………………………………………………....... 1


**Statutes**

M.C.L. § 445.1711.......................................................................................................... 1

## Brief in Support

The Court should grant CFPN leave to file a response brief in opposition to Plaintiff Matthew Kotila's ("Plaintiff") Motion for Default Judgment Pursuant to Rules 23(b)(3) and 55(b)(2) and Approval of Plaintiff's Proposed Class Notice Plan (the "Motion for Default Judgment") (ECF No. 27). While CFPN has separately moved to set aside the Default entered against it in this case, if the Court denies that motion, CFPN should still be heard on the numerous important issues pertaining to a potential 8-figure default judgment, which could amount to an undue windfall in favor of the Plaintiff and members of the defined class and destroy CFPN's business. As more fully argued in the attached proposed Response Brief in Opposition to the Motion for Default Judgment, three key issues argue against entering a default judgment in this case.

First, Plaintiff seeks a recovery under the Michigan Preservation of Personal Privacy Act, M.C.L. § 445.1711 *et seq.* (the "PPPA"), of $17,000,000 under a statute that does not confer standing on any member of the defined class of "subscribers." Under the PPPA, recovery is permitted only for a "customer," which the statute defines as a "person who purchase[d], rent[ed], or borrow[ed] a book or other written material, or a sound recording, or a video recording" from the defendant. While paragraph 12 of the Complaint includes a vague reference to "Plaintiff's purchase of a *Financial Advisor* subscription in Michigan," PageID.6, no such "purchase" occurred because CFPN does not sell, and never has sold, *Financial Advisor*. Instead, CFPN provides the magazine "at no cost" and only to registered financial advisors, which apparently does not include Matthew Kotila. Thus, because neither the Plaintiff nor any substituted plaintiff or class member paid for *Financial Advisor*, the PPPA does not confer standing on them to sue and recover in this action.

1

Second, a default judgment is also inappropriate because CFPN is not a seller "at retail" of *Financial Advisor* because, again, it does not sell that magazine but gives it away for free to financial advisors. Under the PPPA, there is no violation unless the defendant was (i) a seller at retail, renter, or lending of books *and* (ii) revealed information that connects a customer to a purchased, rented, or loaned written material. Thus, even if a class member claimed to have purchased *Financial Advisor*, that claim should be carefully scrutinized against the reality that CFPN was not the seller.

Finally, it is important to point out that the class definition approved by the Court does not comport with the language of the PPPA. As shown above, and as more fully argued in the proposed Response in Opposition, liability under the PPPA turns on the plaintiff having purchased, rented, or borrowed a book or written material. The class definition, however, does not address that threshold requirement, instead focusing on individuals who received a "subscription":

> Plaintiff, as well as every other resident of Michigan who subscribed to any of Defendant's publications before July 31, 2016, and whose name together with the name of the publication(s) to which they subscribed were disclosed by Defendant (or an employee or agent of Defendant acting on Defendant's behalf) at any time between April 25, 2016, and July 30, 2016, to any third party without the consent of the subscriber.

PageID.658-659. Thus, the definition gives a broader range of individuals rights under the PPPA than authorized by the statute. If nothing else, the definition should be revised to conform to the statutory requirements and Plaintiff should be required to investigate whether any persons in Michigan qualify for relief under the PPPA before a judgment of any kind is entered, if at all. CFPN, of course, submits that the correct number of Michigan residents eligible to recover under the PPPA is zero.

WHEREFORE, CFPN prays that this Court enter an order granting this Motion and

2

permitting CFPN leave to file the Reply Brief attached as Exhibit A to its Motion for Leave to File Reply Brief in Support of Motion to Set Aside Default.

> Respectfully submitted,
>
> **BROOKS WILKINS**
> **SHARKEY & TURCO PLLC**
>
> By: */s/T. L. Summerville*
> T. L. Summerville (P63445)
> Attorneys for Defendant Charter Financial
> Publishing Network, Inc.
> 401 S. Old Woodward Avenue, Suite 400
> Birmingham, MI 48009
> (248) 971-1719
> summerville@bwst-law.com

Date: December 4, 2023

### CERTIFICATE OF COMPLIANCE-LOCAL RULE 7.3(B)(II)

I hereby certify that the foregoing Brief contains 670 words, as calculated using the Word feature in Microsoft Word and exclusive of any words in the case caption, cover sheet, tables of content or authority, signature block, attachments, exhibits, affidavits, or other addenda.

> */s/ T.L. Summerville*
> T.L. Summerville

### CERTIFICATE OF SERVICE

I hereby certify that, on December 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using the electronic filing system which will send notification of such filing to all counsel of record.

> */s/ T. L. Summerville*
> T. L. Summerville