UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW KOTILA, et al.,

    Plaintiffs,

v.

CHARTER FINANCIAL PUBLISHING
NETWORK, INC.,

    Defendant.
_____/

Case No. 1:22-cv-704

Hon. Hala Y. Jarbou

## **ORDER**

Before the Court is Plaintiffs' motion for preliminary approval of a class action settlement for claims arising under Michigan's Preservation of Personal Privacy Act (PPPA). (Pls.' Mot. for Prelim. Approval, ECF No. 46). Plaintiffs Matthew Kotila and Robert Craun seek preliminary approval of a $1,000,000 settlement on behalf of a class of approximately 2,136 individuals. According to the motion, each class member is expected to receive approximately $265, but Plaintiffs Kotila and Craun will receive service awards of $5,000 each from the settlement fund.

In a strikingly similar case arising under the PPPA, a court gave persuasive reasons for why preliminary approval of a class action settlement was not appropriate where the named plaintiff would receive a $5,000 service award but the other class members would recover approximately $248 each. *Moeller v. Week Publ'ns*, 646 F. Supp. 3d 923, 925-27 (E.D. Mich. 2022). Before giving preliminary approval, the court required the parties to provide supplemental briefing addressing whether the service award "created an inappropriate incentive to settle regardless of the benefit to other class members and (2) why Plaintiff is entitled to $5,000 as a service award." *Id.* at 926 (quotation marks omitted).

This Court shares the concerns described in *Miller* arising from the significant disparity between the service awards to Plaintiffs and the expected recovery by each class member.  And like that court, this Court also believes that addressing the issue now "seems more prudent" than waiting until the final approval stage.  *Id.* at 925.  Accordingly, the Court will require Plaintiffs to provide additional briefing.  Also, the Court notes that Plaintiff Craun was only recently added to the case through Plaintiffs' amended complaint.  It is not clear why he would be entitled to any service award, let alone the same award as Plaintiff Kotila.

Accordingly,

**IT IS ORDERED** that, within 10 days of the date of this Order, Plaintiffs are directed to file a supplemental brief addressing the following issues:  (1) whether Plaintiffs' proposed $5,000 service award created an inappropriate incentive to settle regardless of the benefit to other class members; (2) why Plaintiffs Kotila and Craun are entitled to $5,000 service awards; and (3) why the Court should not reach the same conclusion about the propriety of Plaintiffs' service awards that the court did in *Moeller* about the service award in that case.

Defendant may, if it chooses, file a brief on these issues by the same deadline.

Dated: February 16, 2024            /s/ Hala Y. Jarbou
                                    HALA Y. JARBOU
                                    CHIEF UNITED STATES DISTRICT JUDGE