# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERNERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MATTHEW KOTILA and ROBERT CRAUN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER FINANCIAL PUBLISHING NETWORK, INC., <br><br> Defendant. | Case No. 2:22-CV-00704-HYJ-RSK <br><br> Hon. Hala Y. Jarbou <br><br> Mag. Judge Ray S. Kent |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

## STATEMENT OF ISSUES PRESENTED

1. Does Plaintiffs' requests for a $5,000 service award each create an inappropriate incentive to settle regardless of the benefit to other Class Members?

**Plaintiffs' Answer: No.**

2. Are Plaintiffs entitled to $5,000 service awards?

**Plaintiffs' Answer: Yes.**

3. Should the Court reach the same conclusion as the court in *Moeller* about the propriety of the service awards?

**Plaintiffs' Answer: No.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

*Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614 (E.D. Mich. 2020)

*Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016)

*Roberts v. Shermeta, Adams & Vol Allmen, P.C.*, 2015 WL 1401352 (W.D. Mich. Feb. 23, 2015)

*Pelzer v. Vassalle*, 655 F. App'x 352 (6th Cir. 2016)

# **TABLE OF CONTENTS**

I. THE REQUESTED $5,000 SERVICE AWARDS DO NOT CREATE AN INAPPROPRIATE INCENTIVE TO SETTLE ...............................................2

II. A $5,000 SERVICE AWARD EACH IS APPROPRIATE .............................4

III. CONCLUSION.................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Edwards v. Hearst Commc'ns, Inc.*,
   No. 15-cv-09279 (S.D.N.Y. Apr. 24, 2019) ..................................................................... 5

*Garner Properties & Mgmt., LLC v. City of Inkster*,
   333 F.R.D. 614 (E.D. Mich. 2020) .................................................................................... 2

*Gascho v. Global Fitness Holdings, LLC*,
   822 F.3d 269 (6th Cir. 2016) ............................................................................................. 6

*Hufford v. Maxim Inc.*,
   No. 19-cv-04452 (S.D.N.Y. Nov. 12, 2020) ..................................................................... 6

*Kain v. The Economist Newspaper NA, Inc.*,
   No. 21-cv-11807 (E.D. Mich. Mar. 16, 2023) .................................................................. 6

*Kinder v. Meredith Corp.*,
   No. 14-cv-11284 (E.D. Mich. May 18, 2016) ................................................................... 5

*Kokoszki v. Playboy Enterprises, Inc.*,
   No. 19-cv-10302 (E.D. Mich. Aug. 19, 2020) .................................................................. 6

*Loftus v. Outside Integrated Media, LLC*,
   No. 21-cv-11809 (E.D. Mich. Aug. 13, 2022) .................................................................. 6

*Mata v. STA Mgmt., LLC*,
   2022 WL 8089058 (E.D. Mich. Oct. 14, 2022) ................................................................ 3

*Moeller v. American Media, Inc.*,
   No. 16-cv-11367 (E.D. Mich. Sept. 28, 2017) .................................................................. 5

*Moeller v. Week Publ'ns*,
   2023 WL 6628014 (E.D. Mich. Oct. 11, 2023) ......................................................... 1, 4, 5

*Nolan v. Detroit Edison Co.*,
   2022 WL 16743866 (E.D. Mich. Nov. 7, 2022) ............................................................... 3

*Pelzer v. Vassalle*,
   655 F. App'x 352 (6th Cir. 2016) ..................................................................................... 3

*Perlin v. Time, Inc.*,
   No. 16-cv-10635 (E.D. Mich. Oct. 15, 2018) ................................................................... 5

*Roberts v. Shermeta, Adams & Vol Allmen, P.C.*,
   2015 WL 1401352 (W.D. Mich. Feb. 23, 2015) ............................................................... 3

*Ruppel v. Consumers Union of United States, Inc.*,
   No. 16-cv-2444 (S.D.N.Y. Dec. 4, 2018) ......................................................................... 5

*Taylor v. Trusted Media Brands, Inc.*,
   No. 16-cv-01707 (S.D.N.Y. Feb. 1, 2018) ........................................................................ 5

*Westley v. CCK Pizza Co., LLC*,
   2019 WL 5653403 (E.D. Mich. Oct. 31, 2019) ................................................................ 3

*Whitfield v. Trinity Restaurant Group, LLC*,
   2019 WL 13199604 (E.D. Mich. Oct. 3, 2019) ................................................................ 3

Plaintiffs Matthew Kotila and Robert Craun hereby submit this supplemental brief in accordance with the Court's February 16, 2024 Order (ECF No. 50). As an initial matter, while Plaintiffs believe the requested service awards are appropriate for the reasons stated herein, they respect the Court's discretion as to this matter. Plaintiffs' first and foremost priority is fairly and adequately representing the proposed Settlement Class and effectuating the proposed Settlement to ensure that Settlement Class Members receive settlement payments as promptly as possible. To that end, should the Court find that Plaintiffs' requested service awards are excessive, Plaintiff Kotila voluntarily agrees to reduce his requested service award to $1,000 and Plaintiff Craun voluntarily agrees to reduce his requested service award to $500. These reduced awards are proportionate to those approved by Judge Ludington in *Moeller v. Week Publications, Inc.*, which the Court relied on in its Order requesting supplemental briefing. 649 F. Supp. 3d 530, 542, 545 (E.D. Mich. 2023) (preliminarily approving settlement with reduced service award of $1,000 where settlement class members would receive approximately $248 each); *Moeller v. Week Publications, Inc.*, 2023 WL 6628014, at *1-2 (E.D. Mich. Oct. 11, 2023) (granting final approval to same). Indeed, the Settlement Agreement specifically provides for reduced service awards without affecting approval of the proposed Settlement. *See* Settlement Agreement, ECF No. 46-2 at Ex. 1 ¶ 8.3 (providing that "[s]hould the Court award less than [the requested] amount[s], the difference in the

1

amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund."); *id*. ¶ 9.2 (providing that "the Court's failure to approve, in whole or in part, the . . . service award[s] set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination"). If the Court chooses to adopt reduced service awards, proposed Class Counsel will work with the Settlement Administrator to ensure that the class notice documents are updated to accurately reflect the reduced service award requests before dissemination to the Settlement Class. *See Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 627-29 (E.D. Mich. 2020) (reducing requested service award but granting preliminary approval).

I.  **THE REQUESTED $5,000 SERVICE AWARDS DO NOT CREATE AN INAPPROPRIATE INCENTIVE TO SETTLE**

The Court requested supplemental briefing on "whether Plaintiffs' proposed $5,000 service award created an inappropriate incentive to settle regardless of the benefit to other class members." ECF No. 50 (the "Order") at PageID.1708. It did not.

As a threshold matter, the proposed Settlement in this case recovers an aggregate sum of approximately $468 per Settlement Class Member – an extraordinary result for class members that was achieved after a full-day mediation with Tom McNeill, Esq., and that was achieved despite Defendant's perilous financial condition. As explained in the Motion for Preliminary Approval (ECF No.

2

46), the proposed Settlement outperforms nearly every other previously approved PPPA settlement, both in terms of its structure and per-class member recovery, as it provides for <u>automatic</u> payments of approximately $265 per person. *See id.*, at PageID.1494-1495. Against this backdrop, it is clear that Plaintiffs' incentive to settle is based on the meaningful and substantial "benefit to other class members" provided by the Settlement that they and their counsel negotiated. *See* Order at PageID.1708.

Courts in this Circuit routinely approve service awards in this range and higher. *See, e.g., Pelzer v. Vassalle*, 655 F. App'x 352, 361 (6th Cir. 2016) (approving incentive award payments that were 53 times what claiming class members would receive); *Nolan v. Detroit Edison Co.*, 2022 WL 16743866, at *8 (E.D. Mich. Nov. 7, 2022) (approving $15,000 service award); *Mata v. STA Mgmt., LLC*, 2022 WL 8089058, at *3 (E.D. Mich. Oct. 14, 2022) (approving $15,000 service awards); *Westley v. CCK Pizza Co., LLC*, 2019 WL 5653403, at *3 (E.D. Mich. Oct. 31, 2019) (approving $5,000 service award); *Whitfield v. Trinity Restaurant Group, LLC*, 2019 WL 13199604, at *5 (E.D. Mich. Oct. 3, 2019) (same); *Roberts v. Shermeta, Adams & Vol Allmen, P.C.*, 2015 WL 1401352, at *8 (W.D. Mich. Feb. 23, 2015) ("That the named plaintiff will receive an amount equal to the statutory cap for an individual cause of action [there $1,000] does not seem unfair, given his role as the sole named plaintiff for [approximately 18 months].").

3

Here, Plaintiffs and their counsel negotiated an all-cash common-fund settlement that will <u>automatically</u> provide a substantial pro rata monetary award (of the same amount) to Plaintiffs and each Settlement Class Member (except those who request exclusion) – without funds reverting to Defendant under any circumstances. A modest $5,000 service award each for the time and expense incurred in bringing, litigating, and resolving this action is justified and the possibility of receiving such awards had no impact on Plaintiffs' ability to serve as fiduciaries for the Settlement Class.

## II. A $5,000 SERVICE AWARD EACH IS APPROPRIATE

The Court also requested supplemental briefing on "why Plaintiffs Kotila and Craun are entitled to $5,000 service awards." Order at PageID.1708. Plaintiffs respectfully submit that a $5,000 service award each is appropriate in this case.

First, the requested service awards are equal or less than the service awards previously approved by federal courts in other PPPA cases, all of which provided for lower class member payments. Those settlements are summarized in the charts below.

4

## PPPA Settlements With Claiming Processes

| Case Name & Number | Approved Service Award | Net Per Claimant Recovery |
|---|---|---|
| *Kinder v. Meredith Corp.*, No. 14-cv-11284, ECF No. 81, PageID.2771 (E.D. Mich. May 18, 2016) | $10,000 | Approximately $50 |
| *Edwards v. Hearst Communications, Inc.*, No. 15-cv-09279, ECF No. 314 at ¶ 15 (S.D.N.Y. Apr. 24, 2019) | $10,000 | Approximately $100 |
| *Moeller v. Advance Magazine Publishers, Inc.*, No. 15-cv-05671, ECF No. 143 at ¶ 15 (S.D.N.Y. Mar. 6, 2019) | $10,000 | Approximately $75 |
| *Ruppel v. Consumers Union of United States, Inc.*, No. 16-cv-2444, ECF No. 111 at ¶ 15 (S.D.N.Y. Dec. 4, 2018) | $7,500 | Approximately $180 |
| *Perlin v. Time, Inc.*, No. 16-cv-10635, ECF No. 55, PageID.1093-94 (E.D. Mich. Oct. 15, 2018) | $5,000 | Approximately $25-$50 |
| *Moeller v. American Media, Inc.*, No. 16-cv-11367, ECF No. 42, PageID.898 (E.D. Mich. Sept. 28, 2017) | $5,000 | Approximately $100 |
| *Taylor v. Trusted Media Brands, Inc.*, No. 16-cv-01707, ECF No. 87 at ¶ 15 (S.D.N.Y. Feb. 1, 2018) | $5,000 | Approximately $42 |

**PPPA Settlements Without Claiming Processes**

| Case Name & Number | Approved Service Award | Net Per Class Member Recovery |
|---|---|---|
| *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807, ECF No. 33, PageID.1368-69 (E.D. Mich. Mar. 16, 2023) | $5,000 | Approximately $261 |
| *Loftus v. Outside Integrated Media, LLC*, No. 21-cv-11809, ECF No. 36, PageID.1957 (E.D. Mich. Aug. 13, 2022) | $5,000 | Approximately $50 |
| *Kokoszki v. Playboy Enterprises, Inc.*, No. 19-cv-10302, ECF No. 38, PageID.1066 (E.D. Mich. Aug. 19, 2020) | $5,000 | Approximately $110 |
| *Hufford v. Maxim Inc.*, No. 19-cv-04452, ECF No. 82 at ¶ 15 (S.D.N.Y. Nov. 12, 2020) | $5,000 | Approximately $54 |

As the above charts make clear, Judge Ludington's decision in *Moeller* is an outlier, and Plaintiffs certainly had a good faith basis to seek $5,000 service awards based on PPPA jurisprudence to date.

The difference between a settlement with a claiming process and one without a claiming process, like this one, further justifies the requested service awards. In a typical class action settlement only 5% to 8% of eligible class members actually submit a claim. *See Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 282 (6th Cir. 2016). Plaintiffs' counsel has consistently been able to beat that figure in PPPA settlements with claiming processes, but even still the claims rates have typically ranged from 10% to 20%. To maximize the recovery for each individual Settlement

Class Member, and because the Settlement Class is small enough to feasibly allow for automatic payments, Plaintiffs' counsel chose to forego a claiming process here. But had one been employed, the net per claimant recoveries would be at least five to ten times higher, just for a smaller portion of the Settlement Class (i.e., the 10% to 20% who would likely submit a claim). In other words, the settlements in the first chart above are somewhat "apples to oranges" in this regard. The "apples to apples" ratios between service awards and class member payments in the first chart would be even more lopsided towards the service award payments. And of course, the ratio here is lower than in any of the settlements in either chart above.

Moreover, the requested service awards are appropriate given Plaintiffs' involvement in this case. As explained in the Miller Declaration (ECF No. 46-2), "Plaintiffs contributed substantial effort to advance the interests of the Settlement Class," including working "with proposed Class Counsel to detail their subscription purchase history, including how they subscribed to the publications at issue; to inform proposed Class Counsel that they did not agree in writing or otherwise to allow Defendant to sell or disclose their Personal Reading Information; that they did not receive notice of such disclosures, nor where they aware of them at all." PageID.1543 at ¶ 35. They also approved the Complaints for filing despite "knowing it would invariably reveal their statutorily-protected status as subscribers to Defendant's publication" and they "kept in regular contact with proposed Class

Counsel, including on matters of strategy, discovery, mediation, and the prospects of settlement." *Id.* ¶¶ 35-38. In sum, "Plaintiffs' active involvement in this case was critical to its ultimate resolution." *Id.*

Finally, the Order noted that "Plaintiff Craun was only recently added to the case through Plaintiffs' amended complaint" and "[i]t is not clear why he would be entitled to any service award, let alone the same award as Plaintiff Kotila." Order at PageID.1708. Respectfully, Plaintiff Craun was involved in this case well before the amended complaint was filed and was critical to a successful resolution. Plaintiff Craun was in regular contact with Plaintiffs' counsel leading up to the mediation, and provided critical informal discovery to help prepare for the same. Miller Decl. at PageID.1542-53 ¶¶ 35-38. Plaintiff Craun was also identified on a list provided by a third party in discovery that had purportedly been transmitted to it by Defendant during the relevant time period, and thus, his inclusion in the case gave Plaintiffs and their counsel additional needed leverage to negotiate such a favorable result for the Settlement Class. Accordingly, Plaintiffs respectfully submit that Plaintiff Craun is entitled to a $5,000 service award, just like Plaintiff Kotila. Nonetheless, in recognition of the Court's concerns, as aforementioned, Plaintiff Craun is willing to voluntarily reduce his requested service award to less than Plaintiff Kotila's. *See supra*.

## III. CONCLUSION

Plaintiffs respectfully submit that they are entitled to $5,000 service awards and that those awards in no way unduly influenced their decision to resolve this case. Plaintiffs and their counsel negotiated an excellent settlement for the benefit of the Settlement Class that provides meaningful <u>automatic</u> relief to the Settlement Class Members despite Defendant's perilous financial condition. The excellent relief provided to the Settlement Class was and remains Plaintiffs' primary motivation to settle.

Nonetheless, Plaintiffs respect the Court's discretion on this matter and their first and foremost priority is fairly and adequately representing the proposed Settlement Class and effectuating the proposed Settlement to ensure that Settlement Class Members receive settlement payments are promptly as possible. To that end, should the Court find that the requested $5,000 service awards are excessive, Plaintiff Kotila voluntarily agrees to reduce his requested service award to $1,000, and Plaintiff Craun voluntarily agrees to reduce his requested service award to $500. Should the Court grant preliminary approval subject to those reductions, proposed Class Counsel will work with the Settlement Administrator to ensure that the class notice documents are updated to accurately reflect the reduced service award requests before dissemination to the Settlement Class.

Dated: February 19, 2024 　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By: */s/ E. Powell Miller*
　　　　　　　　　　　　　　　　E. Powell Miller (P39487)
　　　　　　　　　　　　　　　　epm@millerlawpc.com
　　　　　　　　　　　　　　　　**THE MILLER LAW FIRM, P.C.**
　　　　　　　　　　　　　　　　950 W. University Drive, Suite 300
　　　　　　　　　　　　　　　　Rochester, MI 48307
　　　　　　　　　　　　　　　　Tel: 248.841.2200

　　　　　　　　　　　　　　　　Joseph I. Marchese (P85862)
　　　　　　　　　　　　　　　　jmarchese@bursor.com
　　　　　　　　　　　　　　　　Philip L. Fraietta (P85228)
　　　　　　　　　　　　　　　　pfraietta@bursor.com
　　　　　　　　　　　　　　　　**BURSOR & FISHER, P.A.**
　　　　　　　　　　　　　　　　1330 Avenue of the Americas, 32nd Floor
　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　Tel: 646.837.7150

　　　　　　　　　　　　　　　　Frank S. Hedin
　　　　　　　　　　　　　　　　fhedin@hedin.com
　　　　　　　　　　　　　　　　Arun G. Ravindran
　　　　　　　　　　　　　　　　aravindran@hedin.com
　　　　　　　　　　　　　　　　**HEDIN LLP**
　　　　　　　　　　　　　　　　1395 Brickell Avenue, Suite 1140
　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　Tel: 305.357.2107

　　　　　　　　　　　　　　　　*Proposed Class Counsel*

## CERTIFICATE OF SERVICE

I, E. Powell Miller, an attorney, hereby certify that on February 19, 2024, I served the above and foregoing *Plaintiffs' Supplemental Brief regarding Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement* on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

                                */s/ E. Powell Miller*
                                E. Powell Miller
                                **THE MILLER LAW FIRM, P.C.**
                                950 W. University Dr., Ste 300
                                Rochester, MI 48307
                                Tel: 248.841.2200