# Exhibit D

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MATTHEW KOTILA and ROBERT CRAUN, individually and on behalf of all others similarly situated,<br><br><br>Plaintiffs,<br><br>v.<br><br><br>CHARTER FINANCIAL PUBLISHING NETWORK, INC.,<br><br>Defendant. | CASE No. 1:22-CV-00704-HYJ-RSK<br><br>CLASS ACTION<br><br>**DECLARATION OF SCOTT M. FENWICK OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT**<br><br>Date: June 26, 2024<br>Time: 9:00 AM<br><br>The Hon. Hala Y. Jarbou |

I, Scott M. Fenwick, declare as follows:

## INTRODUCTION

1.    I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Settlement Administrator appointed in the above-captioned case, whose principal office is located at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with final approval of the settlement.

2.    Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, labor and employment, consumer, and government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

## BACKGROUND

3.    Kroll was appointed as the Settlement Administrator to provide notification and claims administration services in connection with that certain Class Action Settlement Agreement (the "Settlement Agreement") entered into this Action.  Kroll's duties in connection with the settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) receiving and analyzing the Class List from Defendant; (c) creating a Settlement Website with online claim filing capabilities; (d) establishing a toll-free telephone number; (e) establishing a post office box for the receipt of mail; (f) preparing and sending the Notice via first-class mail; (g) preparing and sending the Notice via email; (h) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (i) receiving and processing undeliverable mail, without a forwarding address, from the USPS;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement as defined below.

(j) receiving and processing Claim Forms; (k) receiving and processing requests for exclusion; and (l) such other tasks as counsel for the Parties or the Court request Kroll to perform.

## NOTICE PROGRAM

### The CAFA Mailing

4.    As noted above, on behalf of the Defendant, Kroll provided notice of the proposed settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) ("the CAFA Notice"). At Defendant's Counsel's direction, on February 26, 2024, Kroll sent the CAFA Notice identifying the required documents, a true and correct copy of which is attached hereto as **Exhibit A**, via first-class certified mail, to (a) the Attorney General of the United States, (b) the fifty-five (55) state and territorial Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B,** and (c) via email to the Nevada Attorney General, pursuant to that office's standing request that all CAFA Notices be delivered by email. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the documents relating to the settlement referenced in the CAFA Notice.

### Data and Case Setup

5.    On March 8, 2024, Kroll received one (1) data file from the Defendant. The file contained a total of 3,415 records for individuals with fields for first and last name, title, company, mailing address, telephone, and email address, plus twenty-five (25) additional fields specific to the Defendant's database that were not used by Kroll. The file also included a field marking which of the 3,415 records matched information the Defendant had on subscribers during the class period. Kroll undertook several steps to reconcile the file and compile the eventual Class List for the email and mailing of Notices. At the direction of Class and Defendant's Counsel, Kroll considered any of the 3,415 records that matched the Defendant's subscriber data as Settlement Class Members. Kroll took that list, standardized the addresses and deduped the records on email and full name to compile the final Class List of 2,160 records. Additionally, in an effort to ensure that Notices would be deliverable to Settlement Class Members, Kroll ran the Class List through the USPS's

National Change of Address ("NCOA") database and updated the Class List with address changes received from the NCOA.

6.      On March 3, 2024, Kroll created a dedicated Settlement Website entitled www.CharterFinancialSettlement.com. The Settlement Website "went live" on March 3, 2024, and contains, among other things, information about the settlement, copies of the Settlement Agreement, the long-form Notice, the Preliminary Approval Order, the exclusion form, the Fee Petition, as well as contact information for the Settlement Administrator, answers to frequently asked questions, important dates and deadlines, including the Objection/Exclusion Deadline, the Claims Deadline, and the Final Approval Hearing date, and provided Settlement Class Members with web-based forms for electing to receive Cash Awards by electronic means, and updating postal addresses to which Cash Awards should be sent after the settlement becomes Final.

7.      On March 27, 2024, Kroll established a toll-free telephone number, (833) 425-6243, for Settlement Class Members to call and obtain additional information regarding the settlement through an Interactive Voice Response ("IVR") system.  As of May 20, 2024, the IVR system has received six (6) calls.

8.      On February 21, 2024, Kroll designated a post office box with the mailing address *Kotila v. Charter Financial,* c/o Kroll Settlement Administration LLC, PO Box 225391, New York, NY 10150-5391, in order to receive requests for exclusion, Claim Forms, and correspondence from Settlement Class Members.

**The Notice Program**

9.       On April 5, 2024, Kroll caused 2,160 Notices to be mailed via first-class mail. A true and correct copy of the mailed Notice, along with the long-form Notice and Claim Form, are attached hereto as **Exhibits C, D, and E,** respectively.

10.      On May 13, 2024, as required under section 4.1(b)(v) of the Settlement Agreement, Kroll caused the email Notice to be sent to eighty-nine (89) Settlement Class Members whose mailed Notice was returned undeliverable and for whom an updated postal address was not available following an advanced address search, as described further below.  A true and correct

copy of a complete exemplar email Notice (including the subject line) is attached hereto as **Exhibit F.** Of the eighty-nine (89) emails attempted for delivery, thirty-one (31) emails were rejected/bounced back as undeliverable.

## NOTICE PROGRAM REACH

11.     As of May 20, 2024, two (2) Notices were returned by the USPS with a forwarding address. The two (2) Notices were re-mailed by Kroll to the updated address provided by the USPS.

12.     As of May 20, 2024, 358 Notices were returned by the USPS as undeliverable as addressed, without a forwarding address.  Kroll ran 355 undeliverable records through an advanced address search. The remaining three (3) Notices will be run through an advanced address search. The advanced address search produced 221 updated addresses. Kroll has re-mailed Notices to the 221 updated addresses obtained from the advanced address search. Of the 221 re-mailed Notices, four (4) have been returned as undeliverable a second time.

13.     Based on the foregoing, following all Notice re-mailings and emails, Kroll has reason to believe that Notices likely reached 2,077 of the 2,160 persons to whom Notice was mailed and/or emailed, which equates to a reach rate of the direct mail notice of approximately 96.16%. This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which state that a notice plan that reaches[2] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[3] The table below provides an overview of dissemination results for the direct notice program.

---

[2] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[3] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation:  A Pocket Guide for Judges, at 27 (3d Ed. 2010).

| Direct Notice Program Dissemination & Reach | | |
|---|---|---|
| **Description** | **Volume of Settlement Class Members** | **Percentage of Settlement Class Members** |
| Settlement Class Members | 2,160 | 100% |
| **Initial Notice Mailing** | | |
| (+) Notices Mailed (Initial Campaign) | 2,160 | 100% |
| (-) Total Notices Returned as Undeliverable | (358) | 16.57% |
| **Supplemental Notice Mailing** | | |
| (+) Total Unique Notices Re-Mailed | 221 | 10.23% |
| (-) Total Undeliverable (Re-Mailed) Notices | (4) | 0.19% |
| **Supplement Notice Emailing** | | |
| (+) Total Unique Notices Emailed | 89 | 4.12% |
| (-) Total Undeliverable (Emailed) Notices | (31) | 1.44% |
| **Direct Notice Program Reach** | | |
| (=) Received Direct Notice | 2,077 | 96.16% |

## EXCLUSIONS AND OBJECTIONS

14.     The Objection/Exclusion Deadline was May 19, 2024.

15.     Kroll has received no timely requests for exclusion. Settlement Class Members were not instructed to submit their objection to the Settlement Administrator, and none have been received by Kroll.

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on May 21, 2024, Inver Grove Heights, Minnesota.

_Scott M. Fenwick_
SCOTT M. FENWICK

# Exhibit A



VIA U.S. MAIL

Date:    2/26/2024

To:      All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
         (*see attached service list*)

         Re:      CAFA Notice for the proposed settlement in *Kotila, et al. v. Charter Financial
                  Publishing Network, Inc.*, Case No. 1:22-cv-00704-HYJ-RSK, pending in the
                  United States District Court Western District of Michigan

Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendant Charter Financial Publishing Network, Inc. ("Defendant" or "CFPN") hereby notifies you of the proposed settlement of the above-captioned action (the "Action"), currently pending in the United States District Court Western District of Michigan (the "Court").

Eight items must be provided to you in connection with any proposed class action settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits are available for download at www.CAFANotice.com under the folder entitled *Kotila v. Charter Financial Publishing Network, Inc.*:

1.       28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the
         complaint and any amended complaints.

         The Class Action Complaint and Amended Complaint are available as **Exhibits A**
         and **A1**.

2.       28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class
         action.

         On February 16, 2024, Plaintiff filed a motion for Preliminary Approval of the class
         action settlement, which was grand by Order dated February 21, 2024. The Court
         has scheduled the Final Approval Hearing for this matter for June 26, 2024. The
         proposed Preliminary Approval Order is available as **Exhibit B**.

3.       28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members.

         Copies of the proposed postcard, email, long form Notices will be provided to Class
         Members and will be available on the Settlement Website created for the
         administration of this matter. These are available as **Exhibits C**, **D**, and **E**,
         respectively. The Notices describe, among other things, the claim submission
         process and the Settlement Class Members' rights to object or exclude themselves
         from the Settlement Class.

4.      <u>28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement</u>.

The Settlement Agreement is available as **Exhibit F**.

5.      <u>28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants</u>.

There are no other settlements or other agreements between Class Counsel and Defendant's Counsel beyond what is set forth in the Settlement Agreement.

6.      <u>28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal</u>.

The Court has not yet entered a final judgment or notice of dismissal. Accordingly, no such document is presently available.

7.      <u>28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement</u>.

The definition of the Class in the proposed Settlement Agreement means,

> "All Michigan residents who subscribed to any of Defendant's publications before July 31, 2016, and whose name, together with the name of the publication(s) to which they subscribed, were disclosed by Defendant (or any employee or agent of Defendant acting on Defendant's behalf) at any time between April 25, 2016, and July 30, 2016, to any third party without the consent of the subscriber" (SA 1.31).

The complete list and counts by state of Settlement Class Members is not known.

8.      <u>28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6)</u>.

There has been no written judicial opinion. Accordingly, no such document is presently available.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFANotice.com under the folder entitled *Kotila v. Charter Financial Publishing Network, Inc.,* please contact the undersigned below.

Respectfully submitted,

Maggie McGill
Senior Manager
Maggie.McGill@Kroll.com

# Exhibit B

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building, Utulei
Territory of American Samoa
Pago Pago, AS 96799

**Arizona Attorney General**
Kris Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
Ashley Moody
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne E. Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Russel Coleman
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Liz Murrill
1885 North Third St
Baton Rouge, LA 70802

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony G. Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Andrea Campbell
1 Ashburton Place
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
75 Dr. Martin Luther King, Jr. Blvd.
Suite 102, State Capital
St. Paul, MN 55155

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
* NVAGCAFAnotices@ag.nv.gov

**New Hampshire Attorney General**
John Formella
33 Capitol St.
Concord, NH 03301

* Preferred

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
P.O. Drawer 1508
Santa Fe, NM 87504

**New York Attorney General**
Letitia A. James
Department of Law
The Capitol, 2nd Floor
Albany, NY 12224

**North Carolina Attorney General**
Josh Stein
Department of Justice
P.O. Box 629
Raleigh, NC 27602

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Ellen F. Rosenblum
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Michelle A. Henry
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Domingo Emanuelli Hernandez
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
425 5th Avenue North
Nashville, TN 37243

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Ariel M. Smith
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Sean Reyes
State Capitol, Rm. 236
Salt Lake City, UT 84114

**Vermont Attorney General**
Charity R. Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Bob Ferguson
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
Patrick Morrisey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Bridget Hill
State Capitol Bldg.
109 State Capitol
Cheyenne, WY 82002

# Exhibit C

Kotila v Charter Financial
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

FIRST CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

Electronic Service Requested

**COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

OUR RECORDS INDICATE
YOU HAVE SUBSCRIBED TO
*FINANCIAL ADVISOR*
AND MAY BE ENTITLED
TO A PAYMENT FROM A
CLASS ACTION SETTLEMENT.

<<Barcode>>
Postal Service: Please do not mark barcode

Claim ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<Company>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>
<<Country>>

By Order of the Court Dated: [date]

NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT
*Kotila, et al. v. Charter Financial Publishing Network, Inc.*
Case No. 1:22-cv-00704-HYJ-RSK

1:22-cv-00704-HYJ-RSK    ECF No. 35-5    PageID.2230    Filed 05/21/24    Page 18 of 30

A settlement has been reached in a class action lawsuit claiming that Defendant, publisher Charter Financial Publishing Network, Inc. ("CFPN"), disclosed its customers' subscription information to third parties, which is alleged to violate Michigan privacy law.

**Am I a Settlement Class Member?** Our records indicate you are a Settlement Class Member, as a Michigan resident who subscribed to CFPN's publications before July 31, 2016.

**What Can I Get?** If approved by the Court, a Settlement Fund of $1,000,000 has been established to pay all claims to the Settlement Class, together with Settlement Administration Expenses, approved attorneys' fees and costs to Class Counsel, and a service award to Plaintiffs. Once the Settlement becomes Final, you will receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $275 per Settlement Class Member, although the final amount you receive will also depend on the number of requests for exclusion submitted.

**How Do I Get a Payment?** If you are a Settlement Class Member, you will automatically receive a pro rata share of the Settlement Fund, so long as you do not request to be excluded from the Settlement Class. Your payment will come by check, sent to the address listed on the front of this postcard. If you no longer reside at this address or are planning to change addresses prior to July 25, 2024, please complete and submit a change of address request on the Settlement Website so that your check is sent to the correct address. If you wish to receive your payment via PayPal or Venmo, you may elect to do so by submitting an election form on the Settlement Website.

**What are My Other Options?** You may exclude yourself from the Settlement Class by submitting an exclusion form on the Settlement Website or by sending a letter to the Settlement Administrator—exclusion letters or forms must be postmarked no later than **May 19, 2024**. If you exclude yourself, you will not receive a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Any written objection must be filed no later than **May 19, 2024**. Specific instructions on how to object to or exclude yourself from the Settlement are available at www.CharterFinancialSettlement.com. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure or subscriber information in this case against the Defendant and others will be released.

**Who Represents Me?** The Court has appointed Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran of Hedin LLP, and E. Powell Miller of The Miller Law Firm, P.C. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **9:00 AM ET** on **June 26, 2024** at 138 Federal Building & US Post Office, 315 W Allegan Street, Lansing, MI 48933. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the two Class Representatives a total of $1,500 from the Settlement Fund for their services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than 35% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement, visit **www.CharterFinancialSettlement.com**, or you may contact the Settlement Administrator by calling **(833) 425-6243** or writing to the address on this postcard, or you may contact Class Counsel by calling **(646) 837-7150**.

# Exhibit D

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

*Kotila v. Charter Financial Publishing Network, Inc.*, Case No. 1:22-cv-00704-HYJ-RSK

***A court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.***

- A settlement (the "Settlement") has been reached in a class action lawsuit against publisher Charter Financial Publishing Network, Inc. ("CFPN"). The class action lawsuit involves whether CFPN disclosed its customers' subscription information to third parties, which is alleged to violate Michigan privacy law.

- You are included if you are a Michigan resident who subscribed to CFPN's publications before July 31, 2016 and your name, together with the name of the publication(s) to which you subscribed, were disclosed by CFPN at any time between April 25, 2016 and July 30, 2016 to any third party without your consent. Excluded from the Settlement Class are (1) all Persons whose subscription information was not disclosed to third parties, (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (4) persons who properly execute and file a timely request for exclusion from the class; and (5) the legal representatives, successors or assigns of any such excluded persons.

- Those included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates to be approximately $275.

- Read this Notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | You will receive a *pro rata* share of the Settlement benefits – estimated to be approximately $275 – and will give up your rights to sue the Defendant about the claims in this case. | No deadline |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. | May 19, 2024 |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. | May 19, 2024 |
| **GO TO THE HEARING** | Send in notice of intent to appear, asking the Court for permission to speak about your opinion of the Settlement. | May 19, 2024 |
| **CLAIMS DEADLINE** | Only Settlement Class Members who did NOT receive a postcard Notice must file a claim to be eligible for settlement benefits. | June 12, 2024 |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Hala Y. Jarbou, of the U.S. District Court for the Western District of Michigan, is overseeing this case. The case is called *Kotila, et al. v. Charter Financial Publishing Network, Inc.*, Case No. 1:22-cv-00704-HYJ-RSK.  The persons who sued are called the Plaintiffs. The Defendant is Charter Financial Publishing Network, Inc.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Matthew Kotila and Robert Craun) sue on behalf of a group or a "Class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Settlement Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378 §§ 1-4, *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"), by disclosing information related to its customers' magazine subscriptions to third parties before July 30, 2016. The Defendant denies it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description is a **Settlement Class Member**:

Michigan residents who subscribed to any of Defendant's publications before July 31, 2016, and whose name, together with the name of the publication(s) to which they subscribed, were disclosed by Defendant (or any employee or agent of Defendant acting on Defendant's behalf) at any time between April 25, 2016 and July 30, 2016, to any third party without the consent of the subscriber.

Excluded from the Settlement Class are (1) all Persons whose subscription information was not disclosed to third parties, (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (4) Persons who properly execute and file a timely request for exclusion from the class; and (5) the legal representatives, successors or assigns of any such excluded persons.

## THE SETTLEMENT BENEFITS

| **6. What does the Settlement provide?** |
|---|

***Monetary Relief***:  A Settlement Fund has been created totaling $1,000,000. Settlement Class Member payments, Settlement Administration Expenses, the cost to inform people about the Settlement, attorneys' fees (inclusive of litigation costs), and an award to the Class Representatives will also come out of this fund (*see* Question 12).

A detailed description of the settlement benefits can be found in the Settlement Agreement, a copy of which is accessible on the Settlement Website by clicking here.

| **7. How much will my payment be?** |
|---|

The amount of this payment will depend on how many requests for exclusion are submitted.  Each Settlement Class Member will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $275. You can contact Class Counsel at **(646) 837-7150** to inquire as to the number of requests for exclusion that have been received to date.

| **8. When will I get my payment?** |
|---|

The hearing to consider the fairness of the Settlement is scheduled for **June 26, 2024, at 9:00 AM ET**. If the Court approves the Settlement, eligible Settlement Class Members will receive their payment 28 days after the Settlement has been finally approved and/or after any appeals process is complete. The payment will be made in the form of a check, and all checks will expire and become void 180 days after they are issued. Alternatively, you may request that the payment is issued through PayPal or Venmo (see Question 9 below for further details).

## HOW TO GET BENEFITS

| **9. How do I get a payment?** |
|---|

If you are a Settlement Class Member who received a Notice via postcard and you want to get a payment, do nothing and you will automatically receive a *pro rata* share of the Settlement Fund, which Class Counsel anticipates will be approximately $275. Your check for a *pro rata* share of the Settlement Fund will be sent to the postal address identified in the Notice you received. If you have changed addresses or are planning to change addresses prior to July 24, 2024, please click here to complete and submit a change of address form on the Settlement Website. If you wish to receive your payment via PayPal or Venmo, you may do so by submitting an election form on the Settlement Website.

If you are a Settlement Class Member who did not receive a Notice via postcard and you want to get a payment, you **must** complete and submit a Claim Form. You may submit a Claim Form either electronically on the Settlement Website by clicking here, or by printing and mailing in a paper Claim Form, copies of which are available for download here. Claim Forms must be submitted online by 11:59 p.m. EST on **June 12, 2024** or postmarked and mailed by **June 12, 2024** to:

Kotila v. Charter Financial
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

## Remaining in the Settlement

**10. What am I giving up if I stay in the Settlement Class?**

If the Settlement becomes Final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by this Settlement. The specific claims you are giving up against the Defendant are described in the Settlement Agreement. You will be "releasing" the Defendant and certain of its affiliates, employees and representatives as described in Section 1.28 of the Settlement Agreement. Unless you exclude yourself (*see* Question 13), you are "releasing" the claims. The Settlement Agreement is available for download by clicking **here**.

The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## The Lawyers Representing You

**11. Do I have a lawyer in the case?**

The Court has appointed Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran of Hedin LLP, and E. Powell Miller of The Miller Law Firm, P.C.to represent the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**12. How will the lawyers be paid?**

The Defendant has agreed that Class Counsel attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court. The Fee Petition will seek no more than 35% of the Settlement Fund, inclusive of reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, the Class Representatives Matthew Kotila and Robert Craun may be paid a service award of $1,000 and $500, respectively, from the Settlement Fund for their services in helping to bring and resolve this case.

## Excluding Yourself from the Settlement

**13. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must submit a request for exclusion by **May 19, 2024**. Requests for exclusion may be submitted by either printing and completing the request for exclusion form found on the Settlement Website (accessible **here**) or by mailing or otherwise delivering a letter stating that you want to be excluded from the *Kotila, et al. v. Charter Financial Publishing Network, Inc.*, Case No. 1:22-cv-00704-HYJ-RSK Settlement. Your letter or request for exclusion must also include your name, your address, the title of the publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded. If you choose to submit a request for exclusion by mail, you must mail or deliver your exclusion request, postmarked no later than **May 19, 2024**, to the following address:

Kotila v. Charter Financial
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

**14. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

**15. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, you will **not** receive a *pro rata* share of the Settlement Fund.

### OBJECTING TO THE SETTLEMENT

**16. How do I object to the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Kotila, et al. v. Charter Financial Publishing Network, Inc.,* Case No. 1:22-cv-00704-HYJ-RSK and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Settlement Class Member (including the title of the publication(s) which you purchased or to which you subscribed), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees, their Fee Petition, by **May 6, 2024**.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 20), you must say so in your letter or brief. File the objection with the Court (or mail the objection to the Court) and mail a copy of the objection to Class Counsel and Defendant's Counsel, at the addresses below, postmarked no later than **May 19, 2024.**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Honorable Hala Y. Jarbou United States District Court for the Western District of Michigan 138 Federal Bldg & US Post Office 315 W Allegan St Lansing, MI 48933 | Philip L. Fraietta Bursor & Fisher P.A. 1330 Avenue of the Americas New York, NY 10019 | T.L. Summerville Brooks, Wilkins, Sharkey, & Turco PLLC 401 S. Old Woodward Avenue, Suite 400 Birmingham, MI 48009. |

**17. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at **9:00 AM ET** on **June 26, 2024** at 138 Federal Building & US Post Office, 315 W Allegan Street, Lansing, MI 48933. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a service award to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check for updates by visiting the Settlement Website at **www.Charter FinancialSettlement.com.** If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of the Final Approval Hearing.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**20. May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Kotila, et al. v. Charter Financial Publishing Network, Inc.*, Case No. 1:22-cv-00704-HYJ-RSK." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **May 19, 2024**. All objections and notices of intent to appear must be sent to the addresses listed in Question 16.

## GETTING MORE INFORMATION

**21. Where do I get more information?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at **www.Charter FinancialSettlement.com**. You may also write with questions to:

Kotila v. Charter Financial
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

You can call Class Counsel at (646) 837-7142, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the Settlement Website.

# Exhibit E

<table>
<tr><td>

**The DEADLINE
to submit or mail this
Claim Form is:
June 12, 2024**

</td><td>

*Kotila, et al. v. Charter Financial Publishing Network, Inc.,*
Case No. 1:22-cv-00704-HYJ-RSK (W.D. Mich.)

**CLAIM FORM FOR UNIDENTIFIED CLASS MEMBERS**

</td><td>

For Office Use Only

</td></tr>
</table>

This Claim Form may be submitted online at **www.CharterFinancialSettlement.com** or completed and mailed to the address below. Submit your completed Claim Form online or mail it so it is postmarked no later than **June 12, 2024**. If you received a Notice by mail, you do NOT need to submit a Claim Form, and your Cash Award will be sent to you by check at the address identified on the Notice once the settlement is finally approved. If your address has changed, please submit a change of address request online at **www.CharterFinancialSettlement.com** to ensure your check is mailed to your current address.

Submit this Claim Form online or mail it to the address below postmarked no later than **June 12, 2024**.

*Kotila v. Charter Financial*
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391

## I.   CLAIMANT INFORMATION (all fields required)

The Settlement Administrator will use this information for communications and payments. If this information changes before settlement payments are issued, contact the Settlement Administrator at the address above.

_____   ____   _____
First Name                                                    M.I.    Last Name

_____
Current Mailing Address, Line 1: Street Address/P.O. Box

_____
Current Mailing Address, Line 2

_____   ____ ____   ____ ____ ____ ____ ____ - ____ ____ ____ ____
City                                                              State                  Zip Code                    Zip4 (optional)

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___   _____@_____
Preferred Phone Number                                   Preferred Email Address

## II.   CLAIM INFORMATION

Mailing address at which you received your subscription to *Financial Advisor* or one of Charter Financial Publishing's other publications (if different than above):

_____
Mailing Address, Line 1: Street Address/P.O. Box

_____
Mailing Address, Line 2

_____   ____ ____   ____ ____ ____ ____ ____ - ____ ____ ____ ____
City                                                              State                  Zip Code                    Zip4 (optional)

## III.   PREFERRED PAYMENT METHOD

By default, settlement payments will be sent via mailed check to the address provided in Section I. If instead you would like to receive your payment via Venmo or PayPal, you may elect to do so by visiting the Settlement Website, www.CharterFinancialSettlement.com.

## IV.   SIGNATURE

Sign and date the Claim Form below.

I certify, under penalty of perjury, that the information provided in this claim form is true and correct.

Signed: _____      Date: _____


83019


CF


Page 1 of 1

# Exhibit F

From:  XXSettlement@XXsettlement.com
To:      JonQClassMember@domain.com
Re:      Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Kotila v. Charter Financial Publishing Network, Inc.*, Case No. 1:22-cv-00704-HYJ-RSK
(United States District Court for the Western District of Michigan)

This Notice is to inform you of the settlement (the "Settlement") of a class action lawsuit with publisher Charter Financial Publishing Network, Inc. ("Defendant" or "CFPN"), the Defendant in this case.   Plaintiffs Matthew Kotila and Robert Craun allege that Defendant disclosed its customers' subscription information to third parties which is alleged to violate Michigan privacy law.

**Am I a Settlement Class Member?** Yes. Our records indicate you are a Settlement Class Member. Settlement Class Members are Michigan residents who subscribed to Defendant's publications before July 31, 2016, and whose name, together with the name of the publication(s) to which they subscribed, were disclosed by Defendant at any time between **April 25, 2016**, and **July 30, 2016**, to any third party without the consent of the subscriber.

Excluded from the Settlement Class are (1) all Persons whose subscription information was not disclosed to third parties, (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (4) Persons who properly execute and file a timely request for exclusion from the class; and (5) the legal representatives, successors or assigns of any such excluded persons.

**What Can I Get?** A Settlement Fund of $1,000,000 has been established to pay all claims to the Settlement Class, together with Settlement Administration Expenses, including notice, approved attorneys' fees and costs to Class Counsel, and a service award to the Plaintiffs. Unless you received a postcard Notice concerning the Settlement sent to you by postal mail, you **must** submit a Claim Form (see instructions below) in order to receive a share of the Settlement Fund. **If you submit a Claim Form**, you will receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates to be for approximately $275 per Settlement Class Member. The exact amount of the share of the Settlement Fund that you will receive depends on the number of requests for exclusion that are received.

**How Do I Get a Payment?** Unless you received a postcard Notice concerning the Settlement sent to you by postal mail, you **must** complete and submit a Claim Form to receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $275.  You may submit a Claim Form either electronically on the Settlement Website by clicking here, or by printing and mailing in a paper Claim Form, copies of which are available for download here.  Claim Forms must be submitted online by 11:59 p.m. EST on June 12, 2024 or postmarked and mailed by June 12, 202.

**What are My Other Options?** You may exclude yourself from the Settlement Class by either printing and completing the request for exclusion form found on the Settlement Website (accessible **here**) and mailing it in by **May 19, 2024**, or by mailing or otherwise delivering a letter stating that you want to be excluded from the *Kotila v. Charter Financial Publishing Network, Inc.*, Case No. 1:22-cv-00704-HYJ-RSK Settlement by **May 19, 2024**. Exclusion requests should be sent to the following address: Kotila v. Charter Financial, c/o Kroll Settlement Administration, PO Box 225391, New York, NY 10150-5391.

If you exclude yourself, you will not receive a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than **May 19, 2024**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.CharterFinancialSettlement.com. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran of Hedin LLP, and E. Powell Miller of The Miller Law Firm, P.C. to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **9:00 AM ET** on **June 26, 2024** at 138 Federal Building & US Post Office, 315 W Allegan Street, Lansing, MI 48933. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to approve the Class Representatives service awards totaling $1,500 (collectively, "Fee Petition") from the Settlement Fund for their services in helping to bring and settle this case. Defendant has agreed that Class Counsel may be paid reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court. Class Counsel is entitled to seek no more than 35% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Notice, a copy of the Settlement Agreement and other documents, please visit **www.CharterFinancialSettlement.com**, or you may contact the Settlement Administrator by calling **(833) 425-6243** or writing to the address listed below, or you may contact Class Counsel by calling **(646) 837-7150**.

Kotila v. Charter Financial
c/o Kroll Settlement Administration
PO Box 225391
New York, NY 10150-5391