# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW KOTILA, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00704 |
| Plaintiff, | District Judge Hala Y. Jarbou |
| v. | Magistrate Judge Ray S. Kent |
| CHARTER FINANCIAL PUBLISHING NETWORK, INC., | |
| Defendant. | |

## DEFENDANT CHARTER FINANCIAL PUBLISHING NETWORK, INC.'S MOTION TO ADJOURN FINAL SETTLEMENT APPROVAL HEARING

## EXPEDITED CONSIDERATION REQUESTED

Defendant Charter Financial Publishing Network ("Defendant" or "CFPN"), by its attorneys, Brooks Wilkins Sharkey & Turco PLLC, moves this Court for an Order adjourning the Final Settlement Approval Hearing Date, established by the Court's February 21, 2024 Order preliminarily approving the settlement (ECF No. 53).

In accordance with L.R. 7.1(d), counsel for CFPN confirmed Plaintiffs' opposition to this motion as further detailed on the separately filed Certificate of Compliance.

CFPN requests expedited consideration, as the scheduled event that is the subject of this Motion will occur before the date by which the opposing party's response will be due pursuant to L.R. 7.3(c).

WHEREFORE, defendant Charter Financial Publishing Network, Inc. prays that this Court issue an order adjourning the Final Settlement Approval hearing, currently scheduled for June 26, 2024, by 90 days or such other date as will give effect to the parties' negotiated

provisions addressing payment of the settlement fund as set forth in the Class Action Settlement Agreement. (A proposed Order granting this Motion is attached as **Exhibit A.**)

Respectfully submitted,

**BROOKS WILKINS
SHARKEY & TURCO PLLC**

By: /s/T. L. Summerville
T. L. Summerville (P63445)
Attorneys for Defendant Charter Financial
Publishing Network, Inc.
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 971-1719
summerville@bwst-law.com

Date: June 18, 2024

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

MATTHEW KOTILA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CHARTER FINANCIAL PUBLISHING NETWORK, INC.,

    Defendant.

Case No. 1:22-cv-00704

District Judge Hala Y. Jarbou

Magistrate Judge Ray S. Kent

**DEFENDANT CHARTER FINANCIAL PUBLISHING NETWORK, INC.'S BRIEF IN SUPPORT OF MOTION TO ADJOURN FINAL SETTLEMENT APPROVAL HEARING**

**EXPEDITED CONSIDERATION REQUESTED**

## CONCISE STATEMENT OF REASONS SUPPORTING THIS MOTION

The Court should grant this Motion because the current schedule presents a hardship for CFPN's ability to pay the settlement fund, which the Class Action Settlement Agreement contemplated would not be due until the fourth quarter of 2024. Accordingly, good cause exists to grant this Motion per Rule 16(b)(4).

## TABLE OF AUTHORITIES

**Cases**

*Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ................................................................. 2

*Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 483 F. App'x 85, 92 (6th Cir. 2012). 2

*Youngberg v. McKeough*, 2012 WL 1952177, *1 (W.D. Mich. May 30, 2012) ................................. 2

**Rules**

Fed. R. Civ. P. 16(b)(4) ............................................................................................................. i, 2

**BRIEF IN SUPPORT**

**Introduction**

The Court should grant Charter Financial Publishing Network, Inc.'s ("CFPN") motion to adjourn the date for final settlement approval. In settling this case, the parties' counsel understood and contemplated that CFPN would need as much as nine months after preliminary approval to pay the settlement fund in full. The current schedule works a hardship on CFPN. Good cause exists to grant this Motion as explained below.

**Background**

Plaintiff Matthew Kotila ("Kotila" or "Plaintiff") commenced this lawsuit on August 3, 2022, when he filed a putative Class Action Complaint (ECF No. 1) (the "Complaint") against CFPN. On October 19, 2022, the Clerk of the Court entered a default against CFPN when it did not timely answer or otherwise respond to the Complaint. (*See* Entry of Default, ECF No. 12, PageID.556.) On June 5, 2023, the Court issued an order certifying a class of plaintiffs (the "Class") and ordered that a motion for entry of default judgment against CFPN be filed by August 16, 2023 (*see* Order, ECF No. 17, PageID.658-659), which Plaintiff did. On September 21, 2023, CFPN appeared and moved to set the default aside (*see* ECF No. 29, filed September 21, 2023).

Over the next few months counsel for the Class ("Class Counsel") and counsel for CFPN ("CFPN's counsel") engaged in extensive direct and facilitated settlement discussions, including a multi-day, multi-hour mediation conducted by Thomas G. McNeill. Ultimately, the parties reached a settlement and advised the Court during a status conference held on December 13, 2023 (*see* ECF No. 43). A key component to that agreement was a schedule contemplating that CFPN, a small company with fewer than 25 employees and a total subscriber base of roughly

1

40,000, would have until the fourth quarter of 2024 to fund the settlement in full. Among other things, the Class Action Settlement Agreement (ECF No. 46-2) ("CASA") specified that notice to the class would take place between 35 and 56 days after preliminary approval and funding of the settlement agreement would take place no sooner than 180 days from the date of final approval, with funding being due 60 days after that date.

On February 21, 2024, the Court granted preliminary approval of the settlement, but set the final approval hearing date for June 26, 2024 (*see* ECF No. 53, PageID.1728). If final approval is granted that day, per the CASA, CFPN would be required to fund the settlement no later than August 25, 2024. Unfortunately, CFPN has sustained significant financial losses during the first five months of this year, which bear on its ability to fund the settlement by August 25.

## **Standard of Decision**

Fed. R. Civ. P. 16(b)(4) permits the Court to adjourn scheduled court events upon a showing of good cause. Typically, good cause is established when the moving party demonstrates that it could not meet the original scheduled date despite diligent efforts. *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 483 F. App'x 85, 92 (6th Cir. 2012). Prejudice to the nonmoving party may also be considered. *Id.* Those standards are often cited when the moving party failed to act before the subject date expired. *See, e.g., Youngberg v. McKeough*, 2012 WL 1952177, *1 (W.D. Mich. May 30, 2012) (*citing Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Here, however, CFPN brings this motion two weeks before the hearing date. Good cause exists to grant the adjournment because, without it, CFPN may be unable to make the required payment. By this Motion, CFPN is simply asking the Court to put this matter on a schedule that comports with the one negotiated by the parties.

2

**Argument**

During the parties' settlement discussions CFPN shared significant information concerning its financial well-being and ability to reach a compromise of the claims in this action with Class Counsel. While the parties' negotiations were extensive and tough, a key factor that helped an agreement be reached was the understanding that CFPN would need a longer period to raise the necessary funds than other defendants settling PPPA cases might. The parties attempted to address this timing issue in the CASA by providing, among other things, that class notification would be "no earlier than thirty-five (35) days and no later than fifty-six (56) days after [p]reliminary [a]pproval," CASA ¶ 1.20, PageID.1553, and the final approval hearing would occur "*no earlier than* one hundred eight (180) days after [notice of the settlement to the class members] is provided." Settlement Agreement ¶ 4.6, PageID.1566 (emphasis added). From there, under the Settlement Agreement's terms, CFPN would have 60 days to fully fund the settlement. *See* Settlement Agreement ¶ 2.1(a), PageID.1559. In total, from the date of preliminary approval CFPN bargained for, and Class Counsel agreed to, provisions that would afford as much as 9 months before the settlement would need to be fully funded.

In the order preliminarily approving the settlement (ECF No. 53, filed February 21, 2024), the Court set the final approval hearing date for June 26, 2024 (*see* PageID.1728), meaning payment of the settlement fund would be due within 60 days of that date, i.e., no later than August 25, 2024. Notice to the Class via first-class mail was made on April 5, 2024 (*see* Declaration of Scott M. Fenwick, ECF No. 61-5, PageID.2217), 44 days after preliminary approval. Had the Court approved the dates in the Settlement Agreement, the final approval hearing date would have been set for October 2, 2024, and payment of the settlement fund would have been due by December 1, 2024. Thus, the current schedule shortened CFPN's anticipated

window to pay by more than three months. While CFPN hoped that the first and second quarters of 2024 would bring a return to higher revenues, that unfortunately has not occurred. CFPN has suffered significant, unexpected operating losses over the first five months of this year. As a result, CFPN believes it will need additional time beyond August 25 to fund the settlement.

### Conclusion and Relief Requested

Accordingly, CFPN requests that the Court adjourn the final settlement approval hearing by 90 days. Doing so would restore the schedule negotiated and agreed to by the parties, present no prejudice to the class plaintiffs, and help avoid financial distress to CFPN.

WHEREFORE, defendant Charter Financial Publishing Network, Inc. prays that this Court issue an order adjourning the Final Settlement Approval hearing, currently scheduled for June 26, 2024, by 90 days or such other date as will give effect to the parties' negotiated provisions addressing payment of the settlement fund as set forth in the Class Action Settlement Agreement.

Respectfully submitted,

**BROOKS WILKINS
SHARKEY & TURCO PLLC**

By: /s/T. L. Summerville
T. L. Summerville (P63445)
Attorneys for Defendant Charter Financial
Publishing Network, Inc.
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 971-1719
summerville@bwst-law.com

Date: June 18, 2024

## CERTIFICATE OF COMPLIANCE-LOCAL RULE 7.3(B)(II)

I hereby certify that the foregoing Brief contains 1,091 words, as calculated using the Word feature in Microsoft Word and exclusive of any words in the case caption, cover sheet, tables of content or authority, signature block, attachments, exhibits, affidavits, or other addenda.

> */s/ T. L. Summerville*
> T. L. Summerville

## CERTIFICATE OF SERVICE

I hereby certify that, on June 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using the electronic filing system which will send notification of such filing to all counsel of record.

> */s/ T. L. Summerville*
> T. L. Summerville