# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERNERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MATTHEW KOTILA and ROBERT CRAUN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER FINANCIAL PUBLISHING NETWORK, INC.,<br><br>Defendant. | Case No. 2:22-CV-00704-HYJ-RSK<br><br>Hon. Hala Y. Jarbou<br><br>Mag. Judge Ray S. Kent |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO ADJOURN FINAL APPROVAL HEARING**

## STATEMENT OF ISSUES PRESENTED

1. Should the Court adjourn the June 26, 2024 Final Approval Hearing which was scheduled by the Court on February 21, 2024?

**Plaintiffs' Answer: No.**

i

Plaintiffs Matthew Kotila and Robert Craun hereby submit this response in opposition to Defendant's motion to adjourn the final approval hearing (ECF No. 63).

This case has been pending since August 3, 2022 (ECF No. 1). Defendant initially failed to respond to the Complaint, which led to this Court entering a default (ECF No. 12). Plaintiffs then moved to certify a class, which the Court granted (ECF No. 17). Plaintiffs then conducted third party discovery and moved for a default judgment on behalf of the certified class (ECF No. 27). Finally, only over a year after the case was filed did Defendant appear and file a motion to set aside the default (ECF No. 29). While that motion was pending, the Parties successfully mediated this matter with Tom McNeill, Esq., and on December 6, 2023, executed a term sheet. The Court then gave Plaintiffs a deadline of February 16, 2024 to file a motion for preliminary approval (ECF No. 44), and Plaintiffs met that deadline (ECF No. 46).

On February 21, 2024, the Court granted preliminary approval and set a final approval hearing for June 26, 2024 (ECF No. 53). Class notice was disseminated, Plaintiffs moved for final approval and fees, and Plaintiffs were set to present the settlement to the Court and finally resolve this matter (ECF Nos. 58 & 61). Now, at the eleventh hour, Defendant asks this Court to adjourn the final approval hearing by **<u>ninety days</u>** (ECF No. 63). This lengthy delay is unnecessary and will prejudice Plaintiffs and the Settlement Class who have patiently waited for this case to resolve.

1

It would also prejudice absent Settlement Class Members who were made aware of the June 26, 2024 final approval hearing, which they have a right to attend under Rule 23, months ago.

Defendant offers no good reason to delay. Defendant argues that the Class Action Settlement Agreement (ECF No. 46-2, Ex. 1) contemplated a longer approval period, but that schedule was not adopted by the Court in the preliminary approval order (ECF No. 52). And Defendant knew that. Rather than raise the issue at that time, Defendant let class notice be disseminated, and a motion for final approval and fees be filed. What's more, the Class Action Settlement Agreement provides Defendant with sixty days after final approval is entered to fund the settlement (ECF No. 46-2, Ex. 1 at ¶ 2.1(a)). In sum, Defendant has known since February 21, 2024, that it may need to fund the settlement by late August, 2024. If Defendant had a concern, waiting until the eleventh hour to adjourn the final approval hearing was not the solution. Simply put, Defendant has failed to meet its burden under Rule 16.

Finally, it bears noting that Plaintiffs have attempted to compromise. It is no secret that Defendant's financial state was perilous. As Plaintiffs detailed in their motions for preliminary and final approval, Defendant's perilous financial state, which was confirmed by Class Counsel's[1] review of financial documentation, was a

---

[1] This Court, subject to final approval, appointed Plaintiffs' Counsel as Class Counsel for the Settlement Class (ECF No. 53, PageID.1729).

2

material consideration during the settlement negotiations. *See, e.g.*, ECF No. 61 at PageID.2008. As such, Class Counsel has offered to consider jointly petitioning the Court to extend Defendant's deadline to fund the settlement, or to implement a payment plan, upon a satisfactory showing of an inability to pay. To date, Defendant has not provided any supporting documentation.[2] Should Defendant provide supporting documentation prior to the date by which the settlement must be funded, Class Counsel will consider it in good faith. But an inability to pay is not a reason to adjourn the final approval hearing at the eleventh hour and delay entry of judgment.

Dated: June 19, 2024                                  Respectfully submitted,

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
epm@millerlawpc.com
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646.837.7150

---

[2] Class Counsel understands this delay is, at least in part, due to a medical emergency of one of Defendant's chief executives.

3

                Frank S. Hedin
                fhedin@hedinllp.com
                Arun G. Ravindran
                aravindran@hedinllp.com
                **HEDIN LLP**
                1395 Brickell Avenue, Suite 1140
                Miami, Florida 33131
                Tel: 305.357.2107

                *Proposed Settlement Class Counsel*

## **CERTIFICATE OF SERVICE**

I, E. Powell Miller, an attorney, hereby certify that on June 19, 2024, I served the above and foregoing on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

                                                   */s/ E. Powell Miller*
                                                   E. Powell Miller
                                                   **THE MILLER LAW FIRM, P.C.**
                                                   950 W. University Dr., Ste 300
                                                   Rochester, MI 48307
                                                   Tel: 248.841.2200