# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MATTHEW KOTILA and ROBERT CRAUN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER FINANCIAL PUBLISHING NETWORK, INC.,<br><br>Defendant. | Case No. 2:22-CV-00704-HYJ-RSK<br><br>Hon. Hala Y. Jarbou<br><br>Mag. Judge Ray S. Kent |

**PLAINTIFFS' MOTION FOR DEFENDANT
TO BE HELD IN CIVIL CONTEMPT OF COURT**

Plaintiffs Matthew Kotila and Robert Craun, Court-appointed Class Representatives for the certified Settlement Class, by and through Court-appointed Class Counsel, submit this motion for Defendant Charter Financial Publishing Network, Inc. to be held in contempt of court.[1]

1.  On June 26, 2024, the Court entered a Final Judgment and Order of Dismissal with Prejudice (ECF No. 68 (the "Final Judgment")), finally approving the class action settlement in this matter and ordering that "[p]ayment to be distributed to Plaintiff by Defendant no later than December 2, 2024." *Id.* ¶ 19.[2]

2.  As of the filing of this Motion, Defendant has failed to fund the settlement as ordered by the Court in the Final Judgment. *See* Exhibit 1, Declaration of Patrick M. Passarella of Kroll Settlement Administration LLC Regarding Settlement Funding and Administration Costs ("Passarella Decl."). ¶ 5.

3.  Accordingly, the Court should hold Defendant in civil contempt pursuant to Federal Rule of Civil Procedure 70. *See* Fed. R. Civ. P. 70(e); *see also*

---

[1] Undersigned Class Counsel certifies that Class Counsel communicated with Defendant's counsel via email on December 3-4, 2024, explaining the nature of the relief to be sought by way of this motion and seeking his client's concurrence. On December 3, 2024, Defendant's counsel responded that Defendant has requested until December 13, 2024 to fund the Settlement, but otherwise has not provided Defendant's position or concurrence in the filing of this Motion.

[2] The December 2, 2024 payment deadline was set after Defendant unsuccessfully sought to adjourn the final fairness hearing to secure more time to fund the settlement. *See* ECF Nos. 63, 65, and 67. Instead, the Court chose to extend Defendant's payment deadline to December 2, 2024.

*Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 801 (6th Cir. 2017) (civil contempt is appropriate when "the opposing party knowingly 'violated a definite and specific order of the court'") (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987).

4. Notably, Defendant has failed to offer any justification for its failure to comply with the Court's Final Judgment. On November 26, 2024, Class Counsel emailed Defendant's counsel seeking confirmation that Defendant would fund the settlement on or before December 2, as ordered by the Court. *See* Exhibit 2 at Ex. A, Declaration of Philip L. Fraietta (email correspondence attached thereto). Defendant's counsel did not reply. *See id*. The next day, Class Counsel sent another e-mail to Defendant's Counsel seeking confirmation that payment would be made on or before the December 2 deadline. *Id*. Defendant's counsel responded to this second e-mail by stating that he "no longer represent[s] CFPN" and by requesting "concurrence with a motion to withdraw as counsel." *Id*. Class Counsel promptly responded by advising Defendant's counsel that Plaintiffs and Class Counsel would oppose the motion to withdraw at this juncture of the case because corporations cannot proceed *pro se* and because the Class would be prejudiced if Defendant is not represented by counsel to oversee payment and settlement administration. *Id*. Defendant's counsel did not respond to Class Counsel's e-mail indicating Plaintiffs' and Class Counsel's opposition to the withdrawal of Defendant's counsel. *Id*. On

December 3, 2024, Defendant's counsel filed its motion to withdraw as counsel. ECF No. 69.

5.  Prior to the filing of Plaintiffs' Motion here, the Court-appointed Settlement Administrator advised Class Counsel that, to date, Defendant has not funded a single dollar of the $1 million settlement fund. Passarella Decl., ¶ 5.

6.  Defendant's failure to fund the settlement has prejudiced and will continue to prejudice thousands of Class members who have been patiently waiting to receive their settlement distributions (each in the amount of approximately $265). Defendant's failure to fund the settlement also has prejudiced and will continue to prejudice Plaintiffs (who are owed Court-approved service awards), Class Counsel (who are owed a Court-approved fee and expense award), and the Settlement Administrator (who has already incurred considerable unreimbursed out-of-pocket costs and fees in connection with administering the settlement). *See* Passarella Decl. ¶ 6.

For the foregoing reasons, the Court should hold Defendant in civil contempt of court, attach statutory interest for each day Defendant fails to fund the settlement (*see* 28 U.S.C. 1961), and order any other relief the Court deems appropriate.

Dated: December 4, 2024         Respectfully submitted,

By: */s/ E. Powell Miller*
One of Plaintiffs' Attorneys

E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

Frank S. Hedin
fhedin@hedin.com
Arun G. Ravindran
aravindran@hedin.com
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801

*Class Counsel*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERNERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MATTHEW KOTILA and ROBERT CRAUN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER FINANCIAL PUBLISHING NETWORK, INC.,<br><br>Defendant. | Case No. 2:22-CV-00704-HYJ-RSK<br><br>Hon. Hala Y. Jarbou<br><br>Mag. Judge Ray S. Kent |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFENDANT TO BE HELD IN CIVIL CONTEMPT OF COURT**

For Plaintiffs' brief in support, Plaintiffs rely on the contents of its motion and the authorities cited therein, its exhibits, and the other papers filed in this action.

Dated: December 4, 2024                   Respectfully submitted,

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
epm@millerlawpc.com
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646.837.7150

Frank S. Hedin
fhedin@hedin.com
Arun G. Ravindran
aravindran@hedin.com
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107

*Class Counsel*

## CERTIFICATE OF SERVICE

I, E. Powell Miller, an attorney, hereby certify that on December 4, 2024, I served the above and foregoing *Plaintiffs' Motion for Defendant to be Held in Civil Contempt of Court* on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

                                               */s/ E. Powell Miller*
                                               E. Powell Miller
                                               **THE MILLER LAW FIRM, P.C.**
                                               950 W. University Dr., Ste 300
                                               Rochester, MI 48307
                                               Tel: 248.841.2200